[No. 9,103. Department One.—February 12, 1884.]

# E. H. SMITH, Appellant, *v.* ERWIN COOLEY, Respondent.

PARTITION—MINING RIGHT—CONVEYANCE—CONDITION.—A grant of an undivided interest in a piece of mining ground expressly conditioned that no rights are conveyed, except a mining right upon the premises, vests in the vendee only the right of taking from the land any minerals or ores contained in it to the extent of the interest granted. He does not by virtue of the conveyance become a coparcener, joint tenant, or tenant in common with the vendor in the land itself. His interest is not an estate which can be the subject of an action for partition.

APPEAL from a judgment of the Superior Court of the county of El Dorado.

The facts are stated in the opinion of the court.

*Charles F. Irwin,* for Appellant, cited Code Civ. Proc. § 752; Civ. Code, § 14; 2 Blackst. Com. 17; *Reed* v. *Spicer,* 27 Cal. 58; Williams on Real Property, 137; *Hughes* v. *Devlin,* 23 Cal. 502; *Canfield et al.* v. *Ford,* 28 Barb. 336; 16 How. Pr. 473.

*George G. Blanchard,* for Respondent, cited Civ. Code, § 1636; Code Civ. Proc. § 1859; *Walsh* v. *Hill,* 38 Cal. 487; Civ. Code, §§ 801, 802; Gale on Easements, p. 9, and note; Collier on Mines, § 1, pp. 1, 5, 9; *Hughes* v, *Devlin,* 23 Cal. 506; *Grubb* v. *Bayard,* 2 Wall. Jr. 81; *Arnold* v. *Stevens,* 24 Pick. 106; *Wilkinson* v. *Proud,* 11 Mees. & W. 33; *Canfield* v. *Ford,* 28 Barb. 336; Blanchard & Weeks Mines, etc. p. 35; Code Civ. Proc. § 752; Civ. Code, § 811; *Adams* v. *Briggs Iron Co.* 7 Cush. 361.

McKEE, J.—Plaintiff in the action out of which this case arises being the owner in fee of a tract of land in El Dorado County known and described as the northwest corner of the northeast quarter of section 9, in township 10 north, range 9 east, Mount Diablo base and meridian, on the 26th of July, 1875, granted to the defendant an interest therein, by the following description, namely: "An undivided third interest in a certain piece of mining ground situated in White Oak Township, county of El Dorado, State of California, on the northwest quarter of the northeast quarter of section 9, township 10 north,

range 9 east, Mount Diablo base and meridian [said "mining ground" being also more particularly described by metes and bounds], together with the water rights, reservoirs, and tail race belonging to the same; and it is expressly conditioned that this instrument conveys no other rights, except a mining right, on the premises above to the said party of the second part, his heirs or assigns."

After the execution and delivery of the grant, plaintiff and defendant, for about four years, worked the "ground" in partnership on the basis of two thirds to the plaintiff and one third to the defendant, but after the expiration of the four years plaintiff gave notice to the defendant that he would not be responsible for any expenses incurred in working the ground, and the defendant has since continued to work it for himself. Under these circumstances plaintiff commenced the action in hand for a partition.

Partition may be had of real property, held and occupied by several persons as coparceners, joint tenants, or tenants in common, according to their respective rights and interest in it, whether the estate which they own therein be an estate of inheritance, or for life or lives, or for years. (§ 752, Code Civ. Proc.) But in the land itself, described in the deed under which defendant derives his right, the defendant was not a coparcener, joint tenant, or tenant in common. The deed only vested in him a particular estate, *i. e.*, the right of taking from the land any minerals or ores in place in it, to the extent of the interest in them granted to him.

A "mining right" upon a specific piece of ground is a right to enter upon and occupy the ground, for the purpose of working it, either by underground excavations or open workings, to obtain from it the minerals or ores which may be deposited therein. By implication the grant of such a right carries with it whatever is incident to it and necessary to its beneficial enjoyment. (*Clark* v. *Duval*, 15 Cal. 86; *Cave* v. *Crafts*, 53 Cal. 135.) In addition to that implication the grant, in this instance, conveyed an interest "in the water rights, reservoirs, and tail race" on the mining ground. But it did not convey the exclusive dominion of any portion of the ground so as to make the grantee a joint tenant or tenant in common with the grantor.

It conveyed only a particular estate, or incorporeal hereditament, in land of which the grantor held the general estate.

This particular estate or incorporeal hereditament is what is known in law as a servitude "in gross," or a personal servitude, imposed upon land for the benefit of the person or persons owning the right, irrespective of the ownership of the land. The right is usufructuary in its nature and character, and entitles the owner to the use of the land for the profits which may be derived from its rents, or from quarrying and digging it for ores, or from harvesting its fruits, crops, and vintages, etc. (§§ 802–806, Civ. Code.) As an incorporeal hereditament, it is subject to the general rules which govern the enjoyment of real property, and to the laws of descent, devolution, and transfer by act of law, according to the freehold or chattel interest acquired in it; but it is not in its nature capable of partition, because a division of the right would enlarge the original grant beyond the intention of the grantor, and likewise prove a greater charge than was originally intended by the owner of the soil (Bacon's Ab. 359); and because, so long as the minerals and ores, which are the subject of the servitude, are in place, unworked and unsevered from the soil, they are incapable of allotment according to quality and quantity relatively consid-·ered. (§ 764, Code Civ. Proc.)

*Hughes* v. *Devlin,* 23 Cal. 502, is not in conflict with this conclusion. The land sought to be partitioned in that case was a "mining claim," which the court held was the subject of partition the same as other real property. But why? Because, as was said in *Merritt* v. *Judd,* 14 Cal. 60, "our courts have given mining claims the recognition of legal estates of freehold; and as to all practical purposes, if we except some doctrine of abandonment, not, perhaps, applicable to such estates, they unquestionably are."

The working of a mine under a bare "mining right" has been uniformly considered by courts of equity as a species of trade. Hence the legal relation existing between two or more persons interested in such a right is that of a qualified partnership; and the remedies relating to a mining partnership are available for the assertion or violation of any right arising out of it. (§ 684, and ch. 4, title 10, Civ. Code; *Rich* v. *Davis,* 6

Cal. 164; *Duryea* v. *Burt*, 28 Cal. 569; *Settembre* v. *Putnam*,, 30 Cal. 490.)

Judgment affirmed.

McKINSTRY, J., and Ross, J., concurred.