# CHARLESTON.

HALL *v.* VERNON *et al.*

Submitted June 21, 1899—Decided December 2, 1899.

1. PARTITION—*Oil and Gas—Void.*

    Partition of oil and gas owned by co-owners separate from
    the surface cannot be decreed, except by sale and division of
    the proceeds. A judicial partition thereof by assignment of
    the oil and gas under sections of the surface is void. (p. 299).

Appeal from Circuit Court, Wirt county.
Bill by George W. Hall against W. V. Vernon and oth-
ers. Decree for defendants, and plaintiff appeals.

*Reversed.*

V. B. ARCHER, for appellant.

CASTO & FLEMMING, VAN WINKLE & AMBLER, and JOHN
H. RILEY, for appellees.

BRANNON, JUDGE:

Hall brought a suit in equity against Vernon and others
in the circuit court of Wirt County, alleging that a tract of
one thousand one hundred and three acres of land was, as
to the surface, owned by Messrs. Doneho and Vernon,
and that they had divided the surface; that the tract con-
tained oil; that Messrs. Doneho, Vernon, and Hall owned
the minerals in it, each a third; and that in a suit brought
by Hall and Vernon against Doneho and others some years
before there had been a decree of partition of the mineral
ownership into lots forty rods wide, and running to the
exterior of the tract, which decree the bill in this case al-
leged had been obtained through fraud of Vernon, and it
sought to annul the decree. The bill alleged that Vernon
under this decree was taking oil from the lots assigned
him, and using tanks, machinery, etc., belonging to all
three persons, in his operations. The bill asked (and it
was granted) an injunction restraining Vernon from oper-
ating oil wells on the tract, and from selling oil produced
thereon, and restraining the pipe-line companies from pay-
ing Vernon for oil, or giving him certificates for oil de-
posited with them. A decree dissolved the injunction so
far as it related to the land or the partition assailed, the
court holding that the decree of partition had not been ob-
tained by fraud. Hall appealed.

A majority of the Court are of opinion that the decree of
partition is void, and constitutes a cloud over Hall's title,
which a court of equity will dispel by setting aside the de-
cree. They take this position on the ground that oil and
gas are fugitive, and that co-owners of them, not owning
the surface, have a mere right to explore for them, and
that it is impossible to partition the same in kind, owing to
the nature of oil and gas, and that a court cannot be called
on to do an impossible thing, and has no jurisdiction to par-
tition such a right by allotting gas and oil under certain
sections of the surface. They hold that partition can be

made only by sale and division of proceeds.   Counsel cites the following authorities, for that view; *Gill* A. *Weston,110* Pa. St. 312, 1 Atl. 921; Frem. Co-Ten. § 436; 15 Am. Eng. Enc. Law, 607; *Smelting Co.* v. *Rucker*, (C. C.) 28 Fed. 220; *Conant* v. *Smith*, 1 Aiken, 67; Bainb. Mines, 155; *Lenfers* v. *Henke*, 73 Ill. 405; *Kemble* v. *Kemble*, 44 N. J. Eq. 454, 11 Atl. 733.

I am of the opinion that there may be partition of oil and gas owned in fee separate from the surface, by allotting it by sections of the surface.   True, one may not get any oil; but the chance is equal for all,—the best that can be done to avoid the sale of the property from its owners, which they have right to develop separately, as they have right to a partition in kind, if possible.   Oil in place is realty, and therefore partition may be had of it where the tract is of considerable area.   Freem. Co-Ten. §§ 433, 435; *Hughes* v. *Devlin*, 23 Cal. 501; Barringer & A. Mines & M. p. 54; *Marble Co.* v. *Ripley*, 10 Wall. 339, 19 L. Ed. 955.   Also, I think that, as equity has jurisdiction in partition, it can determine whether the subject is partible or not, and that, even if the decree be erroneous, it is not void in a legal sense.

The decree dissolving the injunction is reversed, and the cause is remanded, with directions to the circuit court to enter a decree setting aside the decree of partition and perpetuating the injunction, and to proceed further as to matters of personal property before it.

DENT, PRESIDENT, (*concurring*):

The decree of partition in this case did not pretend to divide the solid minerals in the land, as none were shown to exist; and such a partition as was made would be inequitable and unjust if any such solid minerals existed, for it divided the land into twelve narrow strips, and allotted to each of the three owners several of these strips alternately, so that each owner's mineral properties were divided into several distinct strips, separated from each other by the strips belonging to the others.   This would destroy the value of the solid minerals, for each party would have to work each tract of his separated minerals separately, instead of having them in one compact body.   This decree

is nothing more than a decree to divide the carbon oil, volatile minerals, gas, and gaseous vapors supposed to be or that might exist under the land in controversy by imaginary lines drawn over the surface of the land. Equity is natural justice. It is equality. It never does a vain thing, or enforces a void or impossible contract. Men may divide the moon by imaginary lines, but equity will not enforce their contract. They may divide the water in a well or in a brook, or the game in the forest, or the fishes in the sea, but equity will afford them no such relief. "Oil and natural gas are minerals, in the view of the law; but, because of their peculiar attributes, they, as the subject of property, differ from other minerals. * * * Out of possession there is no property in them. * .* * They are not capable of distinct ownership in place, owing to their liability to escape from the place where they may be temporarily confined without necessarily any interference on the part of the owner of the soil, or others claiming through him, under whose land they may be found. Like water, they are not the subject of property, except in actual occupancy, and a grant of them passes nothing for which ejectment will lie. * * Oil and gas cannot, while in the ground, like the solid minerals, be the subject of an estate distinct from that in the soil." Barringer & A. Mines & M. pp. 30, 31. A grant to the oil and gas passes nothing for which ejectment will lie. It is a right, not to the oil in the ground, but to the oil the grantee may find. *Dark* v. *Johnston*, 55 Pa. St. 164. So the reservation of the oil and gas is not of the oil and gas in the ground, but of the oil and.gas the grantor or his assigns may find and reduce to possession, with the exclusive right to search therefor. Natural gas is incapable of being absolute property, and is the subject of qualified property only. *Wood Co. Petroleum Co.* v. *West Virginia Transp. Co.*, 28 W. Va. 210. "A grant or reservation of oil or gas in certain land passes an incorporeal right only. This arises, as has been above explained, from the nature of oil and gas, which is such that a corporeal interest in them in place cannot be created." Barringer & A. Mines & M. p. 78. "There can be no property in rock or mineral oil, nor can title thereto be devested or acquired, until it has been taken from the

earth.' *Shepherd* v. *Oil Co.*, 38 Hun. 37. Oil and gas
grants and reservations are incorporeal hereditaments,
which are entire and indivisible at law, though they may
be made divisible by the terms of the grant. *Funk* v.
*Haldeman*, 53 Pa. St. 229. From these authorities it is
plain that a reservation or grant of oil and gas privileges is
a mere incorporeal hereditament, which is indivisible, be-
cause a division of the right would create new rights, to
the prejudice of the owner of the soil, and because, so long,
as the oil and gas remain in place, they are incapable of
allotment according to quantity and quality. *Smith* v.
*Cooley*, 65 Cal. 46, 2 Pac. 880. In the case of *Kemble* v.
*Kemble*, 44 N. J. Eq. 454, 11 Atl. 733, it was held that "a
partition of lands containing mineral deposits cannot be
ordered if the location, extent, and value of such deposits
cannot be ascertained." *Franklinite Co.* v. *Condit*, 19 N.
J. Eq. 394; *Grubb* v. *Bayard*, 2 Wall. Jr. 81, Fed. Cas. No.
5,849. If such is the case with solid minerals, how ab-
surd it is to even talk of partitioning in kind oil or gas of
whose existence, quantity, and location the court is in en-
tire ignorance! And, if three owners of such a right can
have partition in kind, they can transfer their interests
to others, without regard to numbers, until they would be
of such multitude that an attempted partition in kind
would entirely destroy the use of the surface to the owner
of the land, and yet there exist neither oil nor gas to be
partitioned. Such a partition as was attempted to be made
in this case was a mere nullity, as it partitioned nothing;
and yet it operates as a cloud on plaintiff's rights, in fraud
of which it was procured by the defendant Vernon. It
being so plainly in excess of the powers of a court of
equity, it was proper to set it aside on motion, petition, or
in any other way its illegality could be presented to the
court from which it was procured, without the necessity
of resort to an appeal. It was not only voidable, but void,
because it undertook to accomplish the impossible.
Equity never undertakes to divide the unseen or invisible,
but only that which it can see and measure so as to pro-
duce equality. Air, gas, water, and oil are not susceptible
of partition in kind, independent of land, either when hid-
den beneath the surface or floating above it, but only when

reduced to actual possession and control. Neither are the rights and privileges to acquire possession of these fugitive substances susceptible of partition in kind, but they may be sold, and the proceeds thereof divided. The land under which the oil and gas is supposed to exist may be partitioned in such manner among the co-owners of the surface as to effect a division of the gas and oil privileges but not in the manner attempted in the present decree. *Franklinite Co.* v. *Condit*, 19 N. J. Eq. 394.

None of the authorities referred to in JUDGE BRANNON's dissenting opinion in this case support the position that the attempted partition is justifiable. On the contrary, they are directly to the reverse. Nor have I been able to find any that do, after the most diligent search. In Freem. Co-Ten. § 435, it is said: "But where the interest sought to be partitioned is not a distinct right of property in the mines, but a mere license to mine in the lands of another, it is indivisible, because a division of the right would create new rights, and would prejudice the owners of the soil, and because, so long as the minerals and ores which are the subject of the servitude are in place, unwashed and unsevered from the soil, they are incapable of allotment according to quantity and quality, relatively considered." References by the author; *Hughes* v. *Devlin*, 23 Cal. 505; *Lenfers* v. *Henke*, 73 Ill. 405. In Barringer & A. Mines & M. p. 54, it is said that "mining rights are indivisible (that is, nonpartible in kind), but they may·be assigned as a whole." The author refers to *Marble Co.* v. *Ripley*, 10 Wall. 339, 19 L. Ed. 955, to sustain this position. Where land is leased with the exclusive privilege of boring for oil and gas, the lessee takes a corporeal interest in the land, and a different rule prevails from that where there is a sale of the surface, and a reservation of the oil and gas. The latter is, as heretofore shown, an incorporeal interest, and amounts to the mere grant of a right or privilege nonpartible in kind. Plaintiff is a joint owner of the oil and gas, but has no interest in the surface, except with his co-owners, likewise co-tenants in the surface. He has the indivisible right with them to bore wells for the extraction of oil and gas, but has no separate right to enter on the lands at any place to bore for oil or gas. So that, when

the court by its anomalous partition undertook to divide the oil and gas by imaginary lines over the surface, it could not confer on planitiff the right to enter on the divisions assigned to him, for this right ne did not possess, nor was he entitled thereto; and any of the co-tenants of the surface have the legal right to prevent him from so doing. *Williamson* v. *Jones*, 43 W. Va. 562, (27 S. E. 411). Hence the effect of the court's decree if permitted to be of any force, was to take away and destroy plaintiff's reserved rights to the oil and gas. Thence its nullity; for if plaintiff had no separate right to bore for oil and gas, he had the right to demand his share of the oil and gas brought to the surface by his co-owners, notwithstanding the decree. The decree, therefore, was nothing more than an absolutely void cloud, that hindered him from the enjoyment of his interest in the oil and gas produced by his co-owners in the exercise of their indivisible right to produce the same. For this he could not sue in ejectment, and his only adequate remedy was by an appeal to a court of equity, which could nullify the void decree, and at the same time restore to him his dispossessed rights. While it is true that a court of equity has jurisdiction to determine what property is partible, it has no jurisdiction to partition property which is nondivisable, and thus entirely destroy it; for in attempting to do so it exceeds its jurisdiction, and renders its decree void. It ceases to be a court of equity, and becomes a court of inequity. inequality, and injustice. It assumes a jurisdiction over property not given to it either by common statute or constitutional law, in violation of the natural and reserved rights of the individual, and its decrees are nullities, and binding on no person. "If a court grants relief which under no circumstances it has any authority to grant, its judgment is to that extent void." 1 Freem. Judgm. § 120c. Under no circumstances had the court the authority to grant this decree attempting to partition an indivisable right. *Norfolk & W. R. Co.* v. *Pinnacle Coal Co.*, 44 W. Va. 574, (30 S. E. 196), 41 L. R. A. 414. Although the court have jurisdiction of the subject-matter and the person, yet, if it grants relief which under no circumstances it has the authority to grant, its judgment is void. *Fithian* v. *Monks* 43 Mo. 502. The

decree was both physically and legally impossible. The decree in this case should be reversed, the decree of partition vacated as a nullity, and the cause remanded for further proceedings according to principles governing courts of equity.

*Reversed*