# CHARLESTON

The Robertson Consolidated Land Co. *v.* Paull *et al.*

Submitted June 12, 1907.    Decided December 17, 1907.

1. Partition—*When Maintainable—Property Subject.*

R. C. L. Co., being the owner of one undivided third interest in and to "all the coal, gases, salt water, oil and 'minerals of every kind and description in, upon and under a certain tract of land supposed to contain 329 acres" together with rights of way and mining rights, filed its bill for partition of said interests against P., trustee for himself and C., the owners of the other two-thirds undivided interests of the said coal, gases, &c. in said tract of land with rights of way and mining rights, &c., none of said parties having any interest in the surface or soil of said property. *Held:* Plaintiff's interest is not such an estate as can be the subject for a suit in partition.    (p. 253.)

2. Same—*Notice—Presumptions.*

Where a decree for partition is entered on the 23rd day of a month in a cause where the defendants have not appeared, and the report of the commissioners appointed to make partition shows that they went upon the premises and viewed, surveyed and partitioned the same on the 25th day of the same month, and the report is silent as to any notice of the partition being given to the defendants, it will be presumed that such notice was not given. (p. 254.)

3. Same—*Sale.*

Such undivided interests can only be partitioned by a sale thereof and a division of the proceeds among the parties entitled thereto. (p. 254.)

Appeal from Circuit Court, Logan County.

Bill by the Robertson Consolidated Land Company against J. F. Paull and others.   Decree for plaintiff, and defendants appeal.

*Reversed.   Remanded.*

Simms & Enslow, for appellants.

Lilly & Shrewsbury and Campbell, Heffley & Davis, for appellee.

McWhorter, Judge:

The Robertson Consolidated Land Company, a corporation, J. F. Paull, trustee for himself and R. P. Chew, were each the owner of an undivided one-third interest in and to all the

coal, gases, salt water, oil and minerals of every kind and description in, upon and under a certain tract or parcel of land lying in Logan county on the branch where James Lawson formerly resided, supposed to contain 329 acres. The Robertson Consolidated Land Company filed its bill in the circuit court of Logan county against J. F. Paull in his own right and as trustee and R. P. Chew, praying for a partition in kind of said property and that the plaintiff's undivided one-third interest be laid off and assigned to it in kind adjoining other lands owned by it if the same was susceptible of partition in kind and if not so devisible that it be sold and the proceeds divided among the parties thereto. Process was duly served upon the defendants but they made no appearance.

On the 23rd of October, 1906, the cause was brought on to be heard upon the process duly served; the bill taken for confessed at the rules as to all the defendants who still failing to answer, plead or demur, or otherwise appear in defense, the confession entered at rules was confirmed and the court proceeded to decree a partition of the said interests and appointed John B. Hudson, a civil engineer, J. F. Alridge and Harry Thompson commissioners to make partition of the real estate described in the bill and that they should make such partition and report to the same term of the court accompanying their report with a description of the proper metes and bounds of the respective parcels alloted to the parties entitled to share in the partition with all the evidence which might be taken before them pertaining to the matter of said partition, and plat and deeds used, read and made in connection therewith; and that if the said commissioners should determine that the said property was not susceptible of partition they should so report to the court setting forth the facts upon which they based their conclusion. On the same day, October 23, 1906, the commissioners were qualified by taking the oath to impartially make said partition, and on the 27th of October, 1906, made their report together with a plat and description of the several parcels allotted to the persons entitled thereto, which was filed on the 29th day of October, 1906, and a decree was then entered confirming the same and describing the several parcels so to be held by the parties in severalty respectively by metes and bounds.

The defendants, J. F. Paull, J. F. Paull, trustee, and R. P. Chew, gave notice to the plaintiff, The Robertson Consolidated Land Company, that on January 29, 1907, they would move the said circuit court of Logan county in accordance with section 5, chapter 134 of the Code to reverse and set aside the decrees in the cause entered upon the bill taken for confessed without appearance on the part of the defendants or either of them, for the reasons set forth in the notice. The motion on the notice was heard by consent on the 5th day of February, 1907, and the court overruled the motion and refused to set aside the said decrees. From which decrees of October 23rd and 29th, 1906, and February 5th, 1907, the defendants appealed and say that the court erred in decreeing a partition in kind of the property as it was not of such a nature as was susceptible of division; that it was error to decree partition without the commissioners having given notice to all parties of the time of going upon said property that they might have appeared to protect their interests.

It appears from the bill and title papers filed therewith that none of the parties to this suit have any interest in the surface or soil of said property but had only title to the coal, gases, salt water, oil and minerals of every description in, upon and under said tract of land "together with the necessary rights of way over and across said land for mining and transporting said coal, gases, salt water and minerals with the right to take and use such timber trees as may be necessary for mining purposes found on said lands." In *Smith* v. *Cooley*, 65 Cal. 46, (2 Pac. 880), it is held: "A grant of an undivided interest in a piece of mining ground expressly conditioned that no rights are conveyed, except a mining right upon the premises, vests in the vendee only the right of taking from the land any minerals or ores contained in it to the extent of the interest granted. He does not by virtue of the conveyance become a coparcener, joint tenant, or tenant in common with the vendor in the land itself. His interest is not an estate which can be the subject of an action for partition." And in *Hall* v. *Vernon*, 47 W. Va. 295, it is held: "Partition of oil and gas owned by co-owners separate from the surface cannot be decreed, except by sale and division of the proceeds. A

judicial partition thereof by assignment of the oil and gas under sections of the surface is void." In *Kemble* v. *Kemble*, 44 N. J. Eq. 454, (11 Atl. 733), it was held that a partition of lands containing minerals cannot be ordered if the location, extent and value of said deposits cannot be ascertained. And in *Franklinite Co.* v. *Condit*, 19 *Id.* 395, it is held: "A grantee of the right to dig ores, from one tenant in common, cannot call for a partition of the premises." See also *Grubb* v. *Bayard*, (2 Wall. Jr. 81), 11 Fed. Cases, 89. *Cecil* v. *Clark*, 47 W. Va. 402, was a case in which it is held: "Extraction of coal by one tenant in common without consent of another is waste, for which he must account to that other." It was contended by counsel for co-tenants, who were extracting the coal, that they had not occupied more land in mining than their share; that all the coal taken by them came from the land occupied and improved by them and as that land could and should be assigned to them in the partition they consequently ought to keep the proceeds of the coal without accounting for it to the Chapman heirs and Torbett, who should be compelled to take their share in undeveloped land with its coal which they might mine if they chose. In discussing this proposition, at page 409, it is said: "This does seem to be a strong proposition, but second thought presents a counter consideration over-throwing its force. If the trustees keep all the money, they keep money actually realized from coal from a given area of land,—a certainty. The Chapman heirs and Torbett have to look to a like quantity of land for a like quantity of coal, producing an equal amount of money,—an uncertainty. Under this theory you call on equity to compel the Chapmans and Torbett to relinquish this money for what may not be realized. In the land undeveloped, which they would get, the coal may be less rich in quantity and quality. There is an element of hazard. In *Hall* v. *Vernon*, (decided this term) 34 S. E. 764, this Court held that ownership in fee of natural gas and oil separate from the surface of the land is impartible, because gas and oil are fugacious, and no partition of them can be made, affording a reasonable guaranty of equality. While coal land, or only the coal in land, is more certain, and is partible, still there is an appreciable ele-

ment of uncertainty touching it, great enough to forbid a court of equity from depriving a party of his right in what is in the land for what may never be there."

The object of the bill in case at bar is for the partition of all the interests of the parties in said land, composed of coal, gases, oil, salt water, &c. As has been seen this Court has held that oil and gas interests cannot be partitioned. *Dangerfield* v. *Caldwell*, 151 Fed. Rep. 554, was a case which went up from the Southern District of West Virginia to the Circuit Court of Appeals, where it was held: "A tract of land known to have oil or gas or both under its surface is not property susceptible of partition in kind."

Even if the coal and other solid minerals could be partitioned all the interests of the parties cannot be partitioned in kind; hence, the decrees of partition are erroneous.

It is further alleged that it was error to accept and confirm the report of the commissioners because no notice was given to the parties in interest of the time the commissioners took action under the decree. It is contended by appellee that there is nothing in the record on the question of notice; that it does not appear by any statement on the record that the notice was given, nor any proof in the record "from beginning to end that such notice was not given. And we contend that this Court must presume, in the absence of proof to the contrary, that such notice was given." In *Wamsley* v. *Coal and Lumber Co.*, 56 W. Va. 296, it is held: "Although the statute does not, in terms, require notice to be given by commissioners in partition to the parties, yet the necessity of such notice must be implied, and an exception to the report for failure to give such notice will be sustained and the report set aside."

The decree confirming the report of the commissioners partitioning the property was made in the absence of any appearance on the part of the defendants. They made this one of the grounds of their motion to set aside the decrees and grant a re-hearing, which was equivalent to an exception to the report of the commissioners. The action of the commissioners in carrying out the decree of the court shows upon its face what they did in the premises and nothing further will be presumed to have been done by them. It appears from the report that the

commissioners were sworn on the 23rd day of October, 1906, the same day on which the decree was entered appointing them, and their report shows that they went upon the premises and viewed, surveyed and partitioned the same on the 25th day of October, the second day after the date of the decree, but it is in no way intimated that the parties had any notice of the time of their meeting to carry out the mandates of the decree.

The appellee in its bill prays for a sale of the property and a division of the proceeds in case the same cannot be partitioned in kind, and the appellants in their petition for appeal pray for the reversal of said decrees and that the case be remanded to the circuit court of Logan county "with directions to make a sale of the property and divide the proceeds among the parties entitled thereto."

For the reasons herein given the said decrees are reversed, set aside and annulled and the cause remanded to the circuit court of Logan county for further proceedings there to be had therein according to the principles laid down herein, and further according to the rules governing courts of equity.

*Reversed. Remanded.*