# CHARLESTON.

M. E. MORLEY *v*. L. F. SMITH *et als*

Submitted April 24, 1923. Decided May 8, 1923.

1. PARTITION—*In Kind Cannot be Denied. Unless Affirmatively Shown That Sale Will Promote Interest of Co-Owners.*

    The right to partition of real estate in kind, as required by section 1, chapter 79, (Barnes' 1923) Code, cannot be denied where demanded, unless it affirmatively appears upon the record that such partition cannot be conveniently made and that the interests of the co-owners will be promoted by a sale of the property. (p. 687.)

2. SAME—*Sale of Land by Claimant of Undivided Interest in Supposed Oil or Gas Thereunder Cannot be Had, in Absence of Proof Thereof.*

    In a suit for the partition of land itself, a party claiming, by deeds and leases, undivided interests in the supposed oil and gas thereunder cannot compel sale of the land or of the supposed oil or gas and distribution of the proceeds in the absence of proof that the land is oil or gas property. (p. 687).

3. SAME—*Conveyance and Lease by Co-owners of Undivided Oil and Gas Interests in Land Insufficient to Establish it Oil or Gas Property.*

    Conveyance and lease by certain co-owners of undivided oil and gas interests in the land are insufficient to define and establish it as oil or pas property. (p. 687).

4. SAME—*Sale of Oil and Gas Rights by Part of Co-Owners Ordinarily Confined to Surface of Their Allotments.*

    Ordinarily, in such suit, undivided oil and gas rights conveyed by part of the co-owners will follow and be confined to the surface of their allotments. (p. 687).

Appeal from Circuit Court, Roane County.

Suit by M. E. Morley against L. F. Smith, the United Fuel Gas Company, and others. From a decree partitioning land, defendant United Fuel Gas Company appeals.

*Affirmed.*

*R. G. Altizer* and *Raymond Dodson,* for appellant.
*Harper & Baker,* for appellee.

LITZ, JUDGE:

The defendant, United Fuel Gas Company, appeals from decree of the circuit court of Roane county partitioning 9 acres and 105 square rods of land.

Nancy. L. J. Smith died intestate, many years ago, seized and possessed, among other real estate, of certain land described as 33 acres (but in fact containing only 9 acres and 105 square rods), situate in Roane county, leaving surviving her eleven children as her sole heirs at law.

By deed of July 24th, 1909, J. M. Smith, son of Nancy L. J. Smith, conveyed to plaintiff M. E. Morley an undivided 1/11th in fee of said land; by deed of September 8th, 1911, plaintiff conveyed the surface of said interest to L. F. Smith, who thereafter, by deed of June 28th, 1921, reconveyed the same to plaintiff; and by deed of September 25th, 1919, Fannie Smith, granddaughter of Nancy L. J. Smith, conveyed to plaintiff her undivided 1/22 interest in fee in said land, whereby the plaintiff became vested with 990/7260 (3/22) undivided interest in fee in said land, which he owned and possessed at the institution of this suit. The undivided remainder of said land was then held and owned by the defendants as follows:

| | | |
|---|---|---|
| Prussia Carper | 660/7260 | in fee |
| R. K. Ogden | 55/7260 | in fee |
| A. J. F. Hopkins | 55/7260 | in fee |
| H. C. Looney | 275/7260 | in fee |
| L. F. Smith | 5225/7260 | surface |
| H. C. Looney | 2530/7260 | oil and gas |
| Annabelle Rader | 660/7260 | oil and gas |
| Rosa Chapman | 132/7260 | oil and gas |

Lizzie  Drennin...............    132/7260 oil and gas
L. H.  Moore..............      132/7260 oil and gas
Okey  Chapman.............      132/7260 oil and gas
United  Fuel Gas Company..    1782/7260 oil and gas

The plaintiff in his bill alleges that his interest in the land is susceptible of being laid off to him in kind and prays that the same may be done.

The United Fuel Gas Company, the only defendant contesting the suit, demurred to plaintiff's bill on the ground that it was not sufficient in law or in equity, and also filed its separate answer thereto.   The answer denies the right of partition among the owners of the land by sale or otherwise, and avers that the United Fuel Gas Company has no interest in the surface of the land but is the owner of the oil and gas under certain undivided interests therein, and that this defendant "is advised, believes, and so avers that such oil and gas is indivisible and incapable of being partitioned because the extent, location and value of said oil and gas cannot be ascertained, *if there be any such oil and gas under said land.*"

The court, by its decree of September 22d, 1921, overruled the demurrer and upon the bill, and answer of the United Fuel Gas Company, decreed the ownership of the land as above set out, and further: "That partition be made of said lands and oil and gas interests, provided the same are susceptible of partition, between and among said several persons, allotting to each of them their respective interests as herein already shown, and that the commissioners hereinafter appointed to make partition of said lands and oil and gas interests do make such partition and assign to each of said persons his respective interests therein, if partition of said interests can be made in that way; and that if partition cannot be made in that way, that said commissioners assign to such of said persons entitled to share therein, such parts of said lands and oil and gas interests as may be susceptible of such assignment to them, and report the interests not assigned as not being susceptible of partition; and that if said commissioners find that said lands and oil and gas interests cannot be partitioned, giving to part of said persons their respective interests, that they

shall report such fact to the court. And if said commissioners report that none of said lands and oil and gas interests, or any part or interests therein, cannot be partitioned among the persons owning the same, then they shall further report to the court all of the facts and circumstances upon which they base their findings''.

The commissioners, as shown by their report filed in the cause January 23d, 1922, allotted the land in controversy to the owners as follows:

To plaintiff M. E. Morley, as Lot C, 1 acre and 28 square rods in fee;

To defendant Prussia Carper, as Lot D, 118 square rods in fee;

To defendant R. K. Ogden, as Lot E, 18 square rods in fee;

To defendant A. J. F. Hopkins, as Lot F, 18 square rods in fee;

To defendant H. C. Looney, as Lot B, 83 square rods in fee;

To defendant L. F. Smith, as Lot A, 7 acres surface;

To defendant United Fuel Gas Company, 14/41; H. C. Looney 18/41; Anabelle Rader 5/41; and Rosa Chapman, Lizzie Drennin, L. H. Moore, and Okey Chapman each 1/41 of the oil and gas underlying said 7 acres, Lot A.

To which report the defendant United Fuel Gas Company excepted on the ground, among others, the commissioners should have reported that the land, or at least the oil and gas thereunder, be sold because not susceptible of partition.

Under exception to the report of commissioners that partition should have been by sale, the appellant directs its fire against the action of the circuit court, and for this attack it marshals the cases of *Hall* v. *Vernon*, 47 W. Va. 295; *Preston* v. *White*, 57 W. Va. 278; and *Robertson Land Co.* v. *Paul*, 63.

W. Va. 249. Those cases were suits purely for the purpose of partitioning oil and gas, and hold that partition of *oil and gas, owned by co-owners separate from the surface,* cannot be decreed, except by sale and division of the proceeds. The suit here has as its purpose, adhered to by the commissioners and the circuit court, the partition of the land itself. There has been no partition among the co-owners of the *supposed* oil and gas therein which have been severed by conveyances from the surface. The court has merely confined these interests to that part of the land laid off in one boundary as surface containing seven acres. This is as it should be. The oil and gas, under the law, follow the interests in the land from which they have been severed.

"The land under which the oil and gas is · *supposed* to exist may be partitioned in such manner among co-owners of the surface as to effect a division of the oil and gas privileges". *Hall* v. *Vernon, supra; Franklinite Company* v. *Condit,* 19 N. J. Eq. 394. In the latter case, which the former cites for the proposition stated, one of two co-tenants had conveyed certain mineral interests and the grantee thereof sought partition of those interests against the non-consenting co-tenant. The court in denying such right said:

"Such deed will be held to bind the grantor, but as to his co-tenant it is void. The reason is, that it would prejudice the right of the co-tenant to a partition. Each tenant in common of an undivided moiety, has a· right to partition by having one-half of the whole premises set off to him; he must not be compelled to partition one part with one co-tenant, and another with another co-tenant, as he would be if such conveyance were good; but the partition must be made into two shares between him and his co-tenant, and then if the part conveyed by the co-tenant shall fall within the share allotted to him, his deed for the same will bind him, and convey it to his grantee. . So, if the ores in one undivided half be conveyed as in this case, the co-tenant will not. be affected by it, but would be entitled to a partition of the whole between him and his original co-tenant, without regard to the rights of the grantee. * * * * * The doctrine that a. conveyance by a tenant in common of a specific part of the lands held in common, or of a special right or easement in the common lands, is void as against the co-tenant, is founded on

principle, and sustained by many authorities. 4 Kent's Com. 368; 1 Washb. on Real Property, 417, sec 5; *Porter* v. *Hill,* 9 Mass. 34; *Bartlet* v. *Harlow,* 12 Mass. 348; *Varnum* v. *Abbot,* Ibid. 474; *Blossom* v. *Brightman,* 21 Pick. 283; *Peabody* v. *Minot,* 24 Pick. 329; *Adam* v. *The Briggs Iron Co.,* 7 Cush. 361; *Griswell* v. *Johnson,* 5 Conn. 363.''

The case of *Worthington* v. *Staunton,* 16 W. Va. 208, at page 238, discussing the apt principle, observes:

''That one tenant in common, against the consent of his co-tenant, by his act can put it out of the power of his co-tenant to have partition in kind of the common property, is a proposition not sustained either by justice, reason or authority. It might be impossible for the co-tenant to protect himself by a purchase of the property, or any part thereof; again, he might be very averse to buying small parcels of land not adjoining each other. He might want his portion all laid off together and near property that he individually owned, and a court of equity would so lay it off, if it could be done consistently with the rights of his co-tenants; but if one co-tenant by his mere deeds has the right to partition the property to suit himself, he not only may ruin his co-tenant, but he is permitted to usurp the powers of a court of chancery. It is no answer to say, 'Let the whole property be sold, and we will divide the proceeds'. That may be just what the other does not want; he has his interest, but he has no money with which to buy more, and he does not want his interest sacrificed by a sale.''

We find the same doctrine in Freeman on Co-tenancy and Partition, sec. 198, stated as follows:

''A conveyance of the minerals in a tract of land, reserving his interest in the land itself, made by a co-tenant to a stranger, is regarded as void as against the co-tenant of the grantor, 'because it is an attempt to create a new and distinct tenancy in common, between one co-tenant and the others, in distinct parts of the common estate, which is contrary to the rules of law'. The reasons on which this rule is based are the same which are thought in many of the States to be sufficient to invalidate a conveyance made by either of the co-tenants, and purporting to convey his interest in a part only of the lands of the co-tenancy.''

A sale cannot be decreed in a partition suit unless it appears

by the report of the commissioners, or otherwise by the record, that partition cannot be conveniently made, and that the interests of the owners will be promoted by sale. *Roberts* v. *Coleman,* 37 W. Va. 146; *Harold* v. *Craig,* 59 W. Va. 353; *Smith v. Green,* 76 W. Va. 276. This being a suit to partition the land itself, without evidence or allegation that it contains oil or gas, partition in kind was proper and requisite. As already stated, the complaining defendant fails to allege that the land is oil and gas property, but merely avers that the ''oil and gas is indivisible and incapable of being partitioned because the extent, location and value of said oil and gas cannot be ascertained, *if there be any such oil and gas under said land.*''

The United States Circuit Court of Appeals held in *Dangerfield* v. *Caldwell,* 151 Fed. 554, 81 C. C. A. 400, involving the partition of land in Logan County, West Va., that, ''A tract of land known to have oil or gas, or both, under its surface is not property susceptible of partition in kind''. We have no such case here.

The mere severance by conveyance of undivided interests in the supposed oil and gas, and leases of such interests, claimed by the defendant United Fuel Gas Company, are insufficient to define and establish the land as oil and gas property so as to prevent partition in kind.

Seeing no merits in other points raised by appellant, and in view of our holding above it being unnecessary to pass upon counter propositions by appellee, we affirm the decree of the circuit court.

*Affirmed.*