618 S.E.2d 380

William M. KESTER and Orian
J. Nutter, II, Appellees,
Plaintiffs Below,

v.

J. Thom SMALL, Appellant,
Defendant Below,

and

Diversified Resources, Inc., a West Virginia Corporation, J. Carl Palmer, Elizabeth A. Dodd, and Adam F. Wilson, beneficiary of the Estate of Nelma M. Wilson, deceased, Appellees, Defendants Below.

No. 32530.

Supreme Court of Appeals of West Virginia.

Submitted: June 14, 2005.

Filed: July 1, 2005.

Thomas W. Kupec, Brandon J. Kupec, Kupec & Associates, PLLC, Clarksburg, for Appellant.

Charles G. Johnson, Robin Queen Triplett, Jackson Kelly PLLC, Clarksburg, for Appellees William M. Kester and Orian Lee Nutter, II.

A.L. Emch, Jackson Kelly PLLC, Charleston, for Appellees J. Carl Palmer, Elizabeth A. Dodd and Adam F. Wilson.

Justice BENJAMIN delivered the opinion of the Court.

BENJAMIN, Justice.

This is an appeal of the Circuit Court of Harrison County's June 22, 2004 Order denying defendant J. Thom Small's motion for summary judgment and granting the plaintiffs' and the remaining defendants' motion for summary judgment. In that order, the circuit court invoked Rule 60(a) of the *West Virginia Rules of Civil Procedure* to correct an error in a December 20, 1935 Order which had divided various real property and mineral interests among the heirs of William G. Kester, deceased. The June 22, 2004 Order was issued in a declaratory judgment action brought by two descendants of William G. Kester to declare that J. Thom Small, a purchaser of certain descendant interests, possessed a 1/4 interest in the oil and gas underlying a certain 16.89 acre tract of land rather than a whole interest. The circuit court found, after examination of its December 20, 1935 Order, its preceding September 26, 1935 Order and consideration of the law in effect at the time the Orders were entered, that Mr. Small possessed a 1/4 interest in the subject oil and gas. Mr. Small appealed the circuit court's June 22, 2004 Order to this Court. Having considered the record below, the parties' filings before this Court and the oral argument of counsel, we affirm the circuit court's June 22, 2004 Order.

## I.

## FACTS AND PROCEDURAL HISTORY

William G. Kester died in Harrison County, West Virginia, leaving his four (4) children, Cecil B. Kester, John M. Kester, Earl Kester and Elizabeth Johnson, as sole heirs of his estate. Union National Bank of Clarksburg served as administrator of William G. Kester's estate, which included numerous properties and mineral (oil, gas and/or coal) interests in Harrison County. By special warranty deed, dated May 1, 1935, Union National Bank conveyed all of the properties possessed by William G. Kester at the time of his death to his four children jointly, subject to a deed of trust lien in favor of Union National Bank. Listed as Tract 2 of the warranty deed is the property at issue in this litigation, a 16.89 acre lot on Davisson's Run, Simpson District, Harrison County, West Virginia. The warranty deed specifically notes that this property was subject to an oil and gas lease at the time the warranty deed was entered.

Thereafter, heir Cecil B. Kester filed a bill to partition the properties among the heirs. By Order entered September 26, 1935, the Circuit Court of Harrison County declared that each of the Kester children was entitled to a "like" undivided one-fourth interest in the land and mineral interests. The September 1935 order stated that the mineral (including oil and gas) interests were "not susceptible to partition in kind and should continue to remain held in common." The September 1935 Order found each heir was entitled to partition in kind of "all said lots, tracts and parcels of land" and specifically excepted from partition certain tracts wherein William G. Kester had only possessed interest in the minerals (including coal, oil and gas) underlying the land and not the surface itself. Additionally, the September 1935 Order noted that certain properties were subject to oil and gas leases, although it did not specifically list Tract 2 as being subject to an oil and gas lease as was recognized in the warranty deed. The September 1935 Order appointed special commissioners to partition the "lands" in kind, equally, among the four heirs.

On December 20, 1935, the Circuit Court entered a second order dividing the property between the four heirs, presumably according to the special commissioners' recommendations. The 16.89 acre property at issue in this litigation, Tract 2 of the warranty deed, was awarded to John M. Kester.

The record before this Court indicates that *all* parties, until the year 2002, operated under the belief that the December 1935 Order conveyed a 100% interest in the *surface* land of the 16.89 acre tract to John M. Kester [1] while conveying an undivided 1/4 interest in the mineral (oil and gas) interests under the tract to each of the four original Kester heirs. Evidence on the record supporting such a belief includes, but is not limited to, the following: (1) on March 13, 1939, the original four Kester heirs jointly executed an oil and gas lease with Hope Natural Gas involving the 16.89 acre tract; (2) Cecil B. Kester conveyed, while retaining a life interest therein, an "undivided 1/8 interest in and to all the coal, oil and gas and other minerals" underlying the 16.89 acre tract to each of his two children by deeds dated December 23, 1957; (3) a March 25, 1970 appraisement of the Cecil B. Kester Estate includes an undivided 1/4 mineral (oil and gas) interest in the 16.89 acre tract; (4) a January 2, 1970 appraisement of the John M. Kester Estate includes an undivided 1/4 mineral (oil and gas) interest in the 16.89 acre tract; (5) a 3/12/82 Corrective Deed conveying Isabelle Kester's 1/4 mineral (oil and gas) interest in the 16.89 acre tract to Appellant J. Thom Small; (6) a January 25, 1985 lease with Petroleum Development Co. relative to the oil and gas underlying the 16.89 acre tract signed by Appellant J. Thom Small and several of William G. Kester's descendants and (7) tax records indicating tax assessments being made against William

---

1. It appears that John M. Kester's interest in the property passed to his son, John E. Kester, upon John M. Kester's death. Upon, John E. Kester's death, his interest in the subject property passed to his wife, Isabelle A. Kester. In 1982, Appellant J. Thom Small purchased an undivided 1/4 interest in the oil and gas under the 16.89 acre tract from Isabelle A. Kester, as evidenced by a March 12, 1982 Corrective Deed.

G. Kester's descendants/heirs for their proportionate interest in the oil and gas underlying the 16.89 acre tract.[2]

Prior to drilling on the property; Diversified Resources, Inc.,[3] retained attorney James V. Cann to perform a title abstract. Mr. Cann opined that J. Thom Small possessed a 100% interest in the oil and gas underlying the 16.89 acre tract because the December 1935 Order failed to specifically exclude the oil and gas interests from partition. Thus, the oil and gas interests passed undivided to John M. Kester and were subsequently purchased by Mr. Small. On August 8, 2002, Appellant J. Thom Small entered into an oil and gas lease with Diversified Resources, Inc. relative to the 16.89 acre tract. Thereafter, Diversified Resources, Inc. notified William G. Kester descendant/heir Orian Lee Nutter, II,[4] that J. Thom Small was deemed to own the entire mineral interest under the land because the title abstract revealed that the 1935 Order did not specifically reserve the same from partition when the land at issue was awarded to John M. Kester. William G. Kester descendants/heirs William M. Kester[5] and Orion Lee Nutter, II, then instituted this declaratory judgment action against J. Thom Small in the Circuit Court of Harrison County, West Virginia. Upon motion of J. Thom Small, William M. Kester and Orion Lee Nutter were ordered to amend their complaint to include the remaining three William G. Kester descendants/heirs[6] claiming an interest in the oil and gas underlying the 16.89 acre

tract and to include Diversified Resources, Inc.[7] The parties filed cross motions for summary judgment which resulted in the circuit court's June 22, 2004 Order at issue in this appeal. By Order dated February 9, 2005, we granted J. Thom Small's Petition for Appeal.

## II.

### STANDARD OF REVIEW

■ This Court reviews a circuit court's entry of summary judgment *de novo.* *See,* Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). Moreover, " '[w]here the issue on appeal is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syl. Pt. 2, *Dunlap v. Friedman's, Inc.,* 213 W.Va. 394, 582 S.E.2d 841 (2003).

■ In its June 22, 2004 Order, the circuit court invoked Rule 60(a) of the *West Virginia Rules of Civil Procedure* and corrected the December 30, 1935 Order to specify that the oil and gas interests underlying the 16.89 acre tract were to be held in common by the initial four heirs of William G. Kester. Rule 60(a) provides, in pertinent part:

*Clerical mistakes*—Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative

---

2. There is also a suggestion on the record that Union National Bank's lien was satisfied from the proceeds of various oil and gas leases, including lease(s) pertaining to the 16.89 acre tract at issue, relating to the oil and gas underlying the various tracts of land partitioned among the heirs.

3. It appears from the record that Diversified Resources, Inc. is a successor in interest to Petroleum Development Corporation.

4. Orion Lee Nutter, II, is Cecil B. Kester's grandson and now possesses his mother's, Kathleen Nutter's, interest in the property.

5. William M. Kester is Cecil B. Kester's son.

6. These heirs, Elizabeth Johnson Dodd, Adam F. Wilson and J. Carl Palmer, each claim a 1/6

interest in the oil and gas underlying the 16.89 acre tract. It appears Earl Kester's 1/4 claimed interest passed to his sister Elizabeth Johnson, resulting in Ms. Johnson possessing a 1/2 claimed interest in the oil and gas underlying the 16.89 acre tract. Ms. Johnson's 1/2 claimed interest was then divided equally between her children, Wilbur Johnson, Nelma Johnson Wilson and Mary Louise Palmer. Upon Wilbur Johnson's death, his claimed 1/6 interest passed to his wife, Appellee Elizabeth Johnson Dodd. Upon Nelma Johnson Wilson's death, her claimed 1/6 interest passed to her husband, Appellee Adam F. Wilson. Finally, upon the death of Mary Louise Palmer, her claimed 1/6 interest passed to her husband, Appellee J. Carl Palmer.

7. Diversified Resources, Inc. has not taken a position either in the circuit court or before this Court as to the issues raised on appeal.

or on the motion of any party and after such notice, if any, as the court orders. In *Robinson v. McKinney*, 189 W.Va. 459, 465, 432 S.E.2d 543, 549 (1993), we noted that "[t]he use of the term 'may' in Rule 60(a) indicates that the court's authority to correct errors is discretionary." Although we have not specifically stated the scope of review applicable to orders entered pursuant to Rule 60(a), we have held that an abuse of discretion standard applies to review of orders denying Rule 60(b) motions. Syl. Pt. 4, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974). Recognizing the discretionary nature of a circuit court's application of Rule 60(a), we now hold that an order entered by a circuit court pursuant to Rule 60(a) of the *West Virginia Rules of Civil Procedure* is subject to review under an abuse of discretion standard.

## III.

## DISCUSSION

In his Motion for Summary Judgment filed before the circuit court, Appellant argued that the December 1935 Order was clear and did not except from partition the oil and gas interests underlying the 16.89 acre tract awarded to John M. Kester in the partition suit. Moreover, according to Appellant, by specifically stating that certain oil and gas interests were excepted from partition, the circuit court, in 1935, intended that the oil and gas interests underlying the 16.89 acre tract be partitioned and awarded to John M. Kester. Appellant argued that West Virginia law permitted, in 1935, the partition of oil and gas interests. Finally, Appellant maintained that the circuit court did not have authority to correct the December 1935 Order under Rule 60 of the *West Virginia Rules of Civil Procedure* because there was no evidence of a "clerical mistake" or "scrivener's error" which could be corrected under Rule 60(a) and any motion for relief from judgment pursuant to Rule 60(b) was untimely.

Conversely, Appellees argued that the September 1935 Order recognized, consistent with West Virginia law at the time, that oil and gas interests were not susceptible to partition in kind and excepted from partition oil and gas interests underlying all tracts or parcels of land of more than minimal size. Further, the failure to specifically except from partition the oil and gas interests underlying the 16.89 acre tract was an omission constituting an "inadvertent error subject to correction at any time" under Rule 60(a). Appellees also relied upon a course of conduct spanning nearly seventy years during which the oil and gas interests underlying the 16.89 acre tract were treated by William G. Kester's descendants/heirs and J. Thom Small, himself, as being held in common.

The circuit court, in denying Appellant's motion for summary judgment and granting Appellees' motion, discussed the status of West Virginia law regarding partition in kind of oil and gas interests in 1935 and its review of the two 1935 Orders. The circuit court found that the 1935 Orders intended the oil and gas interest to be held in common because it was generally accepted, prior to 1939, that oil and gas could not be partitioned in kind, but only by way of sale. In discussing its authority under Rule 60(a), the circuit court found that Rule 60(a) authorizes it:

at any time of its own initiative or on the motion of any party, to correct clerical mistakes and errors in orders arising from oversight or omission. As *Savage v. Booth*, 196 W.Va. 65, 68, 468 S.E.2d 318, 321 (1996), *citing* Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2854 (1973) recognizes, "a motion under *Rule 60(a)* can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced." However, "... if the intention to include a particular provision in the judgment was clear, but the judge neglected to include the provision, the rule authorizes correction of the judgment." Charles A. Wright, Arthur R. Miller and Mary Kay Kane, 11 *Federal Practice and Procedure* § 2854 (2004).

Invoking this authority, the circuit court ordered the December 1935 Order to be "corrected to reflect that Cecil B. Kester, John M. Kester, Earl Kester, and Elizabeth A. Johnson hold, as tenants in common, the oil

and gas interests under the 16.89 acre tract on Davisson's Run, Simpson District, Harrison County." On appeal, the parties reiterate the positions set forth in their respective motions for summary judgment.

We turn our attention first to the propriety of the circuit court's finding with respect to the status of the law in 1935 regarding whether oil and gas interests could be partitioned in kind or if the circuit court erred on this point. If the circuit court erred, there would be no basis upon which to correct the December 1935 order. In *Hall v. Vernon*, 47 W.Va. 295, 34 S.E. 764 (1899), this Court found that oil and gas may not be partitioned in kind due to their fugitive nature and held that partition could only be made by their sale and a division of the proceeds. This holding was reiterated in *Robertson Consol. Land Co. v. Paull*, 63 W.Va. 249, 59 S.E. 1085 (1907), wherein we held undivided interests in coal, oil, gas, water and minerals of every kind, under a certain tract of land may be partitioned only by sale and division of the proceeds. In *Morley v. Smith*, 93 W.Va. 682, 118 S.E. 135 (1923), this Court permitted the partitioning of claimed oil and gas interests under land in accordance with the partitioning of the land's surface where there was no evidence that the property at issue was actually oil and gas property.

The narrow scope of the *Morley* holding was recognized in *Consolidated Gas Supply Corp. v. Riley*, 161 W.Va. 782, 789, 247 S.E.2d 712, 716, fn. 5 (1978), wherein we stated:

> the narrow holding of Morley rests on the fact that there was no showing that any oil and gas existed under the property. However it appears the rule formulated by the Court was that if a co-owner in fee conveys his undivided interest to a third party in the underlying oil and gas, upon partition of the surface in kind his grantee of the oil and gas interest will be deemed to have his interest confined to the same surface area as his grantor.

In *Consolidated Gas*, we also discussed the 1939 amendments to W. Va.Code 37-4-1 (1939) [8] which added the phrase "... of real property, including minerals and lessees of mineral rights other than lessees of oil and gas minerals ..." to the statute governing partition of real property among tenants in common, joint tenants and coparceners of real property. *Consolidated Gas*, 161 W.Va. at 785-6, 247 S.E.2d at 714. Therein we noted that "[w]hile *W. Va.Code, 37-4-1*, is drawn in mandatory language if partition in kind *is not feasible*, this Court has never interpreted the statutory right to partition by sale as absolute." *Id.* at 786, 247 S.E.2d at 714 (emphasis added). Recognizing the 1939 amendment permits partition in kind of oil and gas interests, we held "that as a result of the 1939 amendment to W.Va.Code, 37-4-1, there is a statutory *right to have partition in kind considered*. This is an issue of fact since if the property cannot feasibly be partitioned in kind it is only then partition by sale can be considered." *Id.* at 790, 247 S.E.2d at 716 (emphasis added). Contrary to Appellant's assertion, *Consolidated Gas* does not stand for the proposition that West Virginia recognized that oil and gas interests could be partitioned in kind prior to the 1939 statutory amendments. Instead, *Consolidated Gas* recognized that the 1939 statutory amendments permitted consideration of the partition of oil and gas interests *where feasible* and could be read as recognizing the 1939 amendments changed the common law which prohibited the partitioning in kind of oil and gas interests on property known to contain oil and gas.

Our review of the circuit court's order confirms the circuit court correctly stated the status of West Virginia law in 1935. In 1935, oil and gas interests underlying known oil and gas property could not be partitioned in kind, but were to be held in common unless extracted and sold. As noted above, the 1939 amendments to W. Va.Code 37-4-1 estab-

---

8. The portion of W. Va.Code § 37-4-1(1939) at issue in *Consolidated Gas*, provides:

> Tenants in common, joint tenants and coparceners of real property, including minerals, and lessees of mineral rights other than lessees of oil and gas minerals, shall be compelled to make partition, and the circuit court of the county wherein the land or estate, or any part thereof, may be, shall have jurisdiction, in cases of partition, and in the exercise of such jurisdiction, may take cognizance of all questions of law affecting the legal title, that may arise in any proceedings.

lished the right to have partition in kind of oil and gas interests *considered.* Having concluded that the circuit court did not err in its analysis of 1935 West Virginia law governing the partition of oil and gas interests, we now turn our attention to the circuit court's authority to correct the December 1935 Order to specifically state that the oil and gas interests underlying the 16.89 acre tract were to be held in common by the original four heirs of William G. Kester.

■ As noted above, a circuit court's exercise of discretion to enter an order pursuant to Rule 60(a) will only be reversed if this Court determines that the circuit court abused its discretion. Rule 60(a) permits a circuit court to enter, *at any time,* an order correcting "clerical mistakes in judgments, orders or other parts of the record and *errors therein arising from oversight or omission.*" Contrary to appellant's assertion, the circuit court's authority to correct a prior order is not limited solely to typographical but includes the authority to correct errors arising from oversight and omission. This authority is not limited by a strict time period.[9] Instead, the circuit court's authority is limited to not adversely affecting the rights of the parties or altering the substance of the order beyond what was originally intended. Syl. pt. 2, *Johnson v. Nedeff,* 192 W.Va. 260, 452 S.E.2d 63 (1994); Syl. Pt. 3, *Savage v. Booth,* 196 W.Va. 65, 468 S.E.2d 318 (1996).

■ Accordingly, we now hold that a circuit court may exercise its discretion, pursuant to Rule 60(a) of the *West Virginia Rules of Civil Procedure,* to correct oversights and omissions in prior orders so as to give effect to the original intent of the prior order. In determining the original intent of the prior order, actions of the original parties (and their successors in interest) are relevant factors to be considered. Substantial weight should be afforded to actions of the original parties (and their successors in interest)

which are consistent with the alleged intent of the prior order.

■ Upon consideration of the status of law in 1935 regarding partition in kind of oil and gas interests, examination of the 1935 warranty deed, the September 1935 Order and the December 1935 Order, it is clear to this Court that the circuit court, in 1935, intended all oil and gas interests to be held in common by William G. Kester's four heirs. This intention is further confirmed by the Kester descendants/heirs course of conduct over nearly seventy years. Additionally, the deed by which Appellant obtained his interest in the oil and gas underlying the 16.89 acre tract at issue clearly indicates the purchase of *a 1/4 interest* therein. Appellant's argument that the circuit court's June 22, 2004 Order adversely affects his interests fails to recognize that Appellant was not a party to the original December 1935 Order and that the circuit court's failure to correct the December 1935 Order would adversely affect the rights of the parties to that Order and their descendants/heirs.[10] In light of the status of law in 1935 and the original parties' course of conduct, we find the Circuit Court of Harrison County did not abuse its discretion in correcting the December 1935 Order to clearly specify its original intention.

## V.

## CONCLUSION

■ A circuit court may exercise its discretion, pursuant to Rule 60(a) of the *West Virginia Rules of Civil Procedure,* to correct errors of oversight or omission in prior orders in order to give effect to the circuit court's original intent. The status of law at the time the prior order was issued and the actions of the original parties (and their successors in interest) are relevant considerations in determining the intent of the prior order. The Circuit Court of Harrison County did not abuse its discretion in entering an Order on June 22, 2004 correcting an over-

9. We likewise reject Appellant's argument that the circuit court has no authority to correct an order issued nearly seventy years ago.

10. Arguably, failure to correct the December 1935 Order would unjustly enrich Appellant as

he initially purchased only a 1/4 interest in the oil and gas rights and, apparently, has only been assessed taxes on a 1/4 interest since obtaining an interest in the oil and gas underlying the 16.89 acre tract.

sight or omission in its December 1935 Order.

Affirmed.