## CHARLESTON.

R. C. HALL v. L. A. DOUGLAS et al.

(No. 5647)

Submitted October 12, 1926.   Decided October 19, 1926.

PARTITION—*Oil and Gas Interests in Land Are Not Susceptible of Partition in Kind,. But May be Partitioned by Sale and Distribution of Proceeds.*

Oil and gas interests in land shown to contain probable deposits of oil and gas in paying quantities are not susceptible of partition in kind, but may be partitioned by sale and distribution of the proceeds to the parties in interest.

(Partition, 30 Cyc. p. 270.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Appeal from Circuit Court, Roane County.

Suit by R. C. Hall against L. A. Douglas and others to partition surface and mineral interests in land. From an adverse decree, plaintiff appeals.

*Affirmed, but remanded for further proceedings.*

*Wm. S. Ryan* and *Thos. P. Ryan,* for appellant.

*Raymond Dodson* and *Harold A. Ritz,* for appellee United Fuel Gas Co.

LITZ, PRESIDENT:

The plaintiff owning an undivided half of the surface, oil and gas of a tract of 1½ acres of land in Roane county, instituted this suit in.chancery against the defendants, L. E. Garrett, as owner of the other undivided half of the surface, L. A. Douglas, R. R. Douglas, Hallie Douglas Adams, Ethel Townsend, Vera McKown, Ufa Douglas, J. B. Vineyard, Flora Vineyard, as owners of the remaining oil, gas and other. minerals, and the United Fuel Gas Company, lessee of the oil and gas interest of said L. A. Douglas, R. R. Douglas, Hallie Douglas Adams, Ethel Townsend, Vera McKown and Ufa Douglas, praying for partition among the parties of the said surface and mineral interests.

The defendant United Fuel Gas Company demurred to the bill, and filed its answer averring that the land contains valuable deposits of oil and gas which is not susceptible of partition in kind, and praying for dismissal of the plaintiff's bill, or the sale of the minerals and division of the proceeds among the parties in interest.

Proof was taken establishing the probable existence of gas in paying quantities within the land.

By a decree of the circuit court it was declared that the surface only of the land can be partitioned and commissioners were appointed for that purpose. Appealing from this decree, the plaintiff asserts that the court should have directed the partition of the oil and gas in kind, and further that if the oil and gas was not susceptible of partition in kind that the court should have directed a sale and distribution of the proceeds.

Oil and gas interests in land shown to contain probable deposits of oil and gas in paying quantities are not susceptible of partition in kind, but may be partitioned by sale and distribution of the proceeds to the parties in interest. *Morley* v. *Smith,* 93 W. Va. 682; *Robertson Land Co.* v. *Paul,* 63 W. Va. 249; *Preston* v. *White,* 57 W. Va. 278; *Hall* v. *Vernon,* 47 W. Va. 295.

Partition of the oil and gas in kind was therefore properly refused. The decree does not deny partition of the oil and gas by sale and distribution of the proceeds. A sale for that purpose no doubt would have been directed had the plaintiff requested it.

The ruling of the circuit court denying petition of the oil and gas in kind will be affirmed, and the cause remanded with the right to the plaintiff, if he so elects, to have sale of the oil and gas and distribution of the proceeds among the parties in interest. The plaintiff, however, having failed to request partition of the oil and gas by sale and distribution of the proceeds, will be required to pay the costs of this appeal.

*Affirmed, but remanded for further proceedings.*