STERN *et al. v.* GREAT SOUTHERN LAND CO.*

(Division B.   Nov. 28 ,1927.)

[114 So. 739.   No. 26713.]

1. PARTITION.   *Partition of land is regulated alone by statute.*

A partition of land held by joint tenants, tenants in common or corparceners, is regulated alone by statute, and is not dependent on common law or general principles of equity.

2. MINES AND MINERALS.   *Clay, oil, and mineral deposits are susceptible of separate ownership from ownership of surface of "land."*

Deposits of clay, oil, and minerals under surface of land of themselves constitute "land" and are susceptible of separate ownership from ownership of surface of land.

3. PARTITION.   *Tenants in common of clay, oil, and mineral deposits may have interest partitioned (Hemingway's Code 1927, sections 3034-3056).*

Under Hemingway's Code 1927, sections 3034-3056 (Code 1906, sections 3520-3542), tenants in common of deposits of clay, oil, and minerals under the surface of land, susceptible of separate ownership and conveyance from balance of estate, may have such interest therein partitioned.

4. PARTITION. *Tenants in common of clay, oil, and mineral deposits held entitled to sale on partition without proof that partition in kind cannot be had.*

Tenants in common of deposits of clay, oil, and minerals under surface of land *held* entitled to sale on partition and division of proceeds, without proof that such deposits were not susceptible of partition in kind, and that sale was necessary for best interest and benefit of all tenants in common, since it is self-evident that such deposits were not susceptible of partition in kind and ascertaining location would require expensive mining operation.

---

*Corpus Juris-Cyc. References: Mines and Minerals, 40CJ, p. 903, n. 73; p. 969, n. 74; Partition, 30Cyc, p. 174, n. 83; p. 267, n. 2; p. 269, n. 23. On right of joint tenants and tenants in common to partition, see annotation in 28 A. L. R. 727; 20 R. C. L. 743; 3 R. C. L. Supp. 1101; 4 R. C. L. Supp. 1376; 5 R. C. L. Supp. 1125; 6 R. C. L. Supp. 1233.

APPEAL from chancery court of Harrison county. HON. V. A. GRIFFITH, Chancellor.

Suit by the Great Southern Land Company against S. Walter Stern and others. Decree for complainant, and defendants appeal. Affirmed.

*Ford, White, Graham & Gautier,* for appellants.

The record presents very interesting questions. The reservation of the clay, oil and minerals is similar to the reservation contained in the deed which was under consideration in the case of *Moss* v. *Jordon,* 129 Miss. 598, and we understand from the holding of the court in that case that the reservation of the minerals creates a separate estate from the surface of the soil. It seems clear that the reservation under consideration here is an independent estate and is held by tenants in common.

The chancery court had no power, in any event, to order a sale of such an estate; that is, of all "clay, oil and minerals." Originally all estates held by cotenants were divided in kind among the tenants and there was no power in any court to order a sale of the joint property for a division of the proceeds. Because injustice sometimes occurred in the division of the property in kind, statutes

were passed authorizing a sale of the property for a division of the proceeds in cases in which the property could not be equally divided in kind. The law has always been opposed to a sale, however, if there was a possibility of dividing the joint property in kind, and even to carry out this idea "owelty of partition" came into vogue. The first act providing for a sale was passed in the reign of Queen Victoria, and prior to that time a sale of the estate held by joint tenants could only be made with the consent of the adult tenants. 4 Pom. Eq. Jur. (3 Ed.), secs. 1389-1390. "A sale of land for partition is regulated by statute and is not dependent upon common law or general principles of equity." *Product & Mfg. Co.* v. *Buckley,* 107 Miss. 899.

So it is clear that the chancery court has no inherit power to sell estates for a division of the proceeds, and the only authority the chancery court could have would necessarily be derived from the legislature. The legislature of this state had authorized a sale of the "lands" held by cotenants when the interest of all parties will be better promoted by a sale, than a division in kind. Section 3038, Hemingway's Code 1927. The word "land" as used in that section has a restrictive meaning, and the legislature did not have in mind the sale of an estate such as that under consideration. The word "land" as used in section 211 of the Constitution of 1890 was construed not to include timber thereon. *Lumber Co.* v. *State,* 97 Miss. 378. And unless the word "land" as used in the aforesaid section of the Code includes "clay, oil and minerals," the legislature has not authorized the chancery court to order a sale thereof, and no such authority exists.

But if we grant that "clay, oil and minerals" is included in the word "land" as described in section 3038, Hemingway's Code 1927, still under this record as made, the order of sale of the chancery court below and the order approving the sale is void for the reason that under the law of this state no sale of the estate for a di-

vision of the proceeds among tenants in common can be had until it is first shown that the property so held cannot be divided in kind among the tenants in common without prejudice to some, or all, of them. It must always be shown as a precedent to the right to order a sale that the land cannot be divided in kind, and that a sale of the estate will better promote the interest of all the tenants than a division in kind; and partition proceedings being purely statutory and an innovation of the common law, must be strictly construed.. *Smith* v. *Stansel*, 93 Miss. 69; *Shorter* v. *Lessor,* 98 Miss. 706.

The record here shows that there was a deposit of clay under the surface of the soil and that this deposit was equal under all the lands described in the bill of complaint. No oil or minerals of any kind are known to be under the surface of the land, and no search had been made therefor. So far, therefore, as is known to either the complainant or any of the defendants, or to any other, the surface of the land can be divided so that each tenant in common can have his particular share allotted with the right to search for clay deposit, and for oil or other minerals without a sale, which may, or may not, be a sacrifice of the estate of the tenants in common.

A sale of the kind under consideration is a sale by the court, and the commissioner is only authorized to solicit bids and no, commissioner's sale of an estate held by tenants in common can be approved by the court without knowledge that the sale price was fair and reasonable. We ask, therefore, how could the chancery court below obtain information, since the record does not show it, that the estate was sold for an adequate price and not sacrificed? And before the court could approve such a sale, it must know the price paid for the estate was adequate and reasonable.

The true rule with reference to the partition of mineral rights is as follows: "As an abstract proposition of law, a sale of a mine cannot be ordered in a partition suit except in cases where partition would be manifestly

injurious to the interest of the cotenants.   Whether or
not a partition can be made without great prejudice to
the owners is a question of fact, the decision of which
is not aided by judicial notice of fact or circumstances
not proved; and where a sale is sought, the burden is
upon the party urging it to show the facts upon which
the order of sale may be made  .  .  .  the presump-
tion being that an actual partition may be had." *Ryan*
v. *Egan,* 26 Utah 241; Lindley, Mines, sec. 792; *Mitchell*
v. *Cline,* 84 Cal. 409.

Some of the authorities state the rule to be that as a
general rule mining property, from its very nature, is
not susceptible of division, and consequently, partition
of such property must generally result in a sale; still,
not only may such property be divided among the own-
ers in proportion to their respective interests, but ac-
cording to the terms of the statutes, must be so divided
unless it be made to appear that a partition thereof can-
not be made without great prejudice to the owners.  *Man-
ley* v. *Boone,* 87 C. C. A. 200-201.   The Statute under con-
sideration in that case was in all respects the same as
our own statute with reference to a partition of the prop-
erty.   The only authority we have been able to find
which holds that mining property can be partitioned
among the co-owners by a sale of such estate and a di-
vision of the proceeds among them, is *Robertson Con-
solidated Land Co.* v. *Paull,* 15 Am. & Eng. Ann. Cases,
775.   This case was the principal case relied on by coun-
sel in the court below and we assume will be relied on
here.   A careful study of that case will convince the
court that the case is not like the one at bar for the rea-
son that the minerals had already been discovered in
that case, and it was manifest that the estate could not
be divided in kind among the cotenants.   The court will
note the quotation in the opinion to this effect:  ''A tract
of land known to have oil or gas, or both, under its sur-
face is not property susceptible of partition in kind.''
In the case at bar, there was no known minerals to exist

under the surface of the soil. See, also, L. R. A. 1916D, 1154, *et seq.*

The chancery court has power to regulate the enjoyment of property between the owners in the event mineral should be found by restricting them to the proportions of their respective interests, by compelling accounts between them, and by appointing a common receiver for all the parties, if it should be necessary. *Conant* v. *Smith,* 15 A. D., 669; *Coleman* v. *Coleman,* 57 A. D. 641.

*J. L. Taylor,* for appellee.

Counsel for appellants cites *Moss* v. *Jordon,* 129 Miss. 598, 92 So. 689. In the Moss case, we find one party owned the surface and the other the minerals, and no question of partition arose in that case, which was an injunction proceeding to restrain the taking of the minerals and thereby destroying the surface of the property.

Counsel then contends that the sale of lands is regulated entirely by statute, and looking to section 3035, Hemingway's Code 1927, it would appear that the statute gives ample authority for the sale of estates in land; in fact, it provides for the partitioning of a leasehold for not less than five years. Section 3038, Hemingway's Code 1927, provides for the court to order a sale of land in the first instance and in this case, under the proof, the chancellor must have thought it was such a matter as a sale would best promote the interests. It must be noted that Mississippi has heretofore not been a mining state, consequently we have to look to other jurisdictions to see what the courts have held in such matters. In *Robertson Consolidated Land Company* v. *Paull,* 63 W. Va. 249, 15 Am. & Eng. Ann. Cas. 775, the court goes so far in that case as to say: ''All the coal, gasses, salt water, oil and minerals of every kind and description in, upon and under a tract of land, together with rights of way and mining rights, can be partitioned among the co-

owners thereof by a sale of such estate and the division of the proceeds among them.'' In *Dangerfield* v. *Caldwell,* 151 Fed. 554, 81 C. C. A. 400, it is held: ''A tract of land known to have oil or gas, or both, under its surface is not property susceptible of partition in kind.'' See, also, notes under *Robertson case, supra; Sheffield Coal & Iron Company* v. *Alabama Fuel & Iron Company,* 64 So. 67.

But counsel urges that the estate here in question is not land. See 32 Cyc. 655; 27 Cyc. 628.

A judicial partition in kind of the materials under the sections of the surface is void. See *Watford Oil Company* v. *Shipman,* 233 Ill. 9; *Gulf Refining Company* v. *Hayne,* 70 So. 509; *Robertson Consolidated Lumber Company* v. *Paull,* 15 Ann. Cas. 775.

ANDERSON, J., delivered the opinion of the court.

Appellee filed its bill in the chancery court of Harrison county against the appellants, for a sale, through that court, and a division of the proceeds thereof among the parties to the cause, according to their respective interests, of all the deposits of clay, oil, and minerals, of whatsoever kind, under the surface of five hundred sixty acres of land in Harrison county described in the bill. There was a trial on bill, answer, and proof, resulting in a decree granting the prayer of the bill. A sale was thereafter made of the property involved through a commissioner appointed by the court, which sale was confirmed by the court. From these decrees, as well as a decree overruling appellants' demurrer to appellee's bill, the appellants prosecute this appeal.

Appellee owned the entire interest in the five hundred sixty acres of land, except the ''deposits of clay, oil, and minerals of whatsoever kind'' thereunder, as to which appellee owned an undivided one-half interest, and the appellants, jointly, owned the other undivided one-half interest. The conveyance of such deposits, under which

the parties claimed title, contained a reservation of the right, to the owners, to at all times enter upon the land and remove such deposits.

Appellee alleges in its bill that the deposits of clay, oil, and minerals under the five hundred sixty acres of land were not susceptible of partition in kind, and that a sale was necessary, in the interest of all parties, and a division of the proceeds thereof among the tenants in common—the parties to this cause. No evidence was introduced bearing on the question as to whether or not the deposits of clay, oil, and minerals in the land were susceptible of partition in kind, and appellants contend that, under our partition statutes (sections 3520 to 3542, inclusive, Code of 1906 [sections 3034 to 3056, inclusive, Hemingway's Code 1927]), the chancery court was without authority to either partition in kind, or order a sale and a division of the proceeds thereof among the parties in interest, of the clay, oil, and mineral interests in the land. The appellants' position is, and their contention is sustained by the authorities, including this court, that the partition of land held by joint tenants, tenants in common, or coparceners is regulated alone by statute, and is not dependent upon the common law or general principles of equity. 4 Pomeroy, Equity Jurisprudence (3 Ed.), sections 1389, 1390; *Forest Product Co.* v. *Buckley,* 107 Miss. 899, 66 So. 279.

Are deposits of clay, oil, and minerals in land covered by sections 3521, 3522, and 3524, Code of 1906 (sections 3035, 3036, and 3038, Hemingway's Code 1927)? The first section referred to provides, among other things, that a partition of land held by joint tenants, tenants in common, or coparceners, having an estate in possession, or a right of possession, and not in reversion or remainder, whether the joint interest be in the freehold or a term of years not less than five, may be made by decree of the chancery court of the county in which the lands, or some part thereof, are situated. The second section referred to provides, among other things, that

the parties in interest may institute in the chancery court proceedings for partition of lands or sale thereof by decree of the court, and the latter section referred to provides, among other things, that if, upon hearing, the court be of the opinion that a sale of the lands, or any part thereof, will better promote the interest of all parties concerned than a partition in kind, or if the court be satisfied that an equal division in kind cannot be made, the court shall order a sale of the lands, or such part thereof, as may be deemed proper for a division of the proceeds among the cotenants, according to their re spective interests.

The deposits of clay, oil, and minerals under the surface of land, of themselves, constitute land, and are susceptible of separate ownership from the ownership of the surface of the land. *Moss* v. *Jourdan,* 129 Miss. 598, 92 So. 89. And such interest may be separately conveyed from all other interests in the land, as can be done of standing timber on land. We are of opinion that, under our partition statutes, tenants in common of any estate in land, in possession, which is susceptible of separate ownership and conveyance from the balance of the estate in the land, may have such interest partitioned.

Appellants contend, however, that, even if that be true, the appellee failed to establish the allegations in its bill to the effect that the deposits of clay, oil, and minerals involved were not susceptible of partition in kind, and that a sale was necessary for the best interest of all the tenants in common. It is true, as contended, that no evidence was introduced to show that there could not be a partition in kind of the clay, oil, and mineral interests in the land. Appellants argue that it was a condition precedent to the authority of the court to order a sale of such an interest, to show that such interest was not susceptible of partition in kind, and that a sale was necessary and would better promote the interest of all the tenants in common, relying, to sustain that contention, on *Smith* v. *Stansel,* 93 Miss. 69, 46 So. 538; *Shorter* v.

148 Miss.—42.

*Lesser,* 98 Miss. 706, 54 So. 155, and *Hilbun* v. *Hilbun,* 134 Miss. 235, 98 So. 593. It is true, this court held in those cases that a sale of land for a division of the proceeds thereof among the tenants in common will not be ordered unless the land is not susceptible of partition in kind, and that the burden is on the cotenant seeking such sale to show that it is not susceptible of partition in kind.

But there are some things that do not require proof; they are self-evident, and we think the very character and nature of the interests in the land sought here to be sold make it self-evident that they are not susceptible of partition in kind among the cotenants owning it. There is no controversy whatever in the pleadings or proof as to the nature and character of such interests. They are deposits of clay, oil, and minerals under the five hundred sixty acres of land. As to where such deposits are, whether under the entire surface of the land, or only a part of it, would, of course, be a mere matter of opinion, and could not be ascertained, positively, without an expensive mining operation which might cover months, and possibly, years. To partition the deposits of clay, oil, and minerals here involved, if feasible, it seems could only be done through an expensive and protracted mining scheme inaugurated and carried out by the chancery court. *Robertson Land Co.* v. *Paull,* 63 W. Va. 249, 59 S. E. 1085, 15 Ann. Cas. 775, and notes; *Dangerfield* v. *Caldwell,* 151 F. 554, 81 C. C. A. 400; *Sheffield Coal & Iron Co.* v. *Ala. Fuel Co.,* 185 Ala. 50, 64 So. 67.

*Affirmed.*