### WOLFE v. STANFORD.

No. 23955.    Jan. 19, 1937.

V. R. Biggers, A. S. Norvell, C. Dale Wolfe, and W. M. Haulsee, for plaintiff in error.

Ethel Hamilton and Chas. N. Hamilton, for defendant in error.

BUSBY, J.    This is an appeal from a judgment of the district court of Hughes county granting a partition of lands subject to oil, gas, and mineral rights and refusing to grant the same relief in connection with such rights. In their brief the parties use the term "surface rights" to refer to that portion of the fee remaining after elimination of the oil, gas, and mineral rights. The term is legally inaccurate, but convenient. In this opinion we shall use it in the same sense for the sake of brevity. For the same reason we shall employ the terms "oil rights" and "royalty" in a general sense to include oil, gas, and mineral rights and the authority to explore for and produce the same.

C. Dale Wolfe is the owner of an undivided one-half interest in both the surface and royalty in 80 acres of land situated in Hughes county, Okla. C. C. Stanford owns the other undivided one-half of the surface. He owns also a fractional undivided interest, but less than one-half, in the oil rights. The remainder of the royalty is apparently owned by W. A. Bean, M. E. Gilbert, J. B. Leftwich, S. B. Turner, W. A.

Smith, Harry Allen, and S. F. Russel. The precise fractional interests of the last-named individuals is not reflected in the record. Neither does the record disclose the date or manner in which these individuals acquired their royalty.

On October 22, 1931, C. C. Stanford, as plaintiff, commenced this action in the district court of Hughes county against C. Dale Wolfe, as defendant. The plaintiff asserted his ownership of an undivided one-half interest in the surface and sought to partition the surface rights only. Thereafter the defendant filed his answer in which he admitted Stanford's interest in the surface, asserted his ownership of an undivided one-half interest in both surface and royalty and named the plaintiff and the individuals previously designated by name in this opinion as the co-owners of the other undivided one-half interest in the royalty. The defendant sought to have the named individuals made additional parties to the litigation and to procure a partition of the entire estate in the land.

The plaintiff filed his motion for judgment on the pleadings, which was sustained The trial court rendered its judgment granting partition of the surface rights, but denied partition of the oil rights, incidentally refusing to make the named royalty owners parties to the suit. The defendant appeals. The order of appearance of the parties is reversed in this court. However, we shall continue to refer to them by their trial court designation.

A proper treatment of this case requires the consideration of several questions which are specifically or inferentially presented by the briefs. With a view to promoting clarity of expression, we shall state these questions in our own language and rearrange the sequence of consideration.

The defendant contends and the plaintiff denies that oil rights are subject to partition after they have been carved out of the fee by conveyances. In most jurisdictions, including Oklahoma, partition in some form, that is, either in kind or by sale, is allowed between tenants in common of the right to explore for and produce oil and gas. Coker et al. v. Vierson et al., 170 Okla. 528, 41 P. (2d) 95 (a case involving royalty interests); Clark v. Mercer Oil Co., 139 Okla. 48, 281 P. 283 (a case involving partition of a producing oil and gas lease). See, also, Hall v. Douglas, 102 W. Va. 400, 135 S. E. 282, Stern v. Great Sou. Land Co., 148 Miss. 649, 114 So. 739; Black v. Sylvania Prod. Co., 105 Ohio St. 346, 137 N. E. 904, and Henderson v. Chesley (Tex. Civ. App.) 273 S. W. 299 (all cited in Coker v. Vierson, supra). See, also, Fortney et al. v. Tope et al. (Mich.) 247 N. W. 751, and Morley v. Smith et al. (W. Va.) 118 S. E. 135.

Both law and equity should recognize the necessity of the remedy as a method of avoiding the intolerable situation which would arise upon disagreement between co-owners having a right to the use and possession of the same property. 2 R. C. L., p. 723, par. 8. Generally speaking, the law favors the partition of property held by cotenants in recognition of the principle that property rights are more valuable and the use and enjoyment of property is best promoted when individuals own the same in such a way that they are entitled to exclusive use and enjoyment. Thus courts are adverse to any rule which compels unwilling persons to use their property in common. 2 R. C. L. 716, par. 2.

We perceive no sound reason for denying the continued application of the foregoing principle to oil and gas rights held by tenants in common, provided, of course, the remedy of partition in this class of cases is sufficiently within the control of the court having jurisdiction to grant the relief to prevent its use as a weapon of oppression —a matter which will be considered presently. Partition of oil and gas rights being an available and recognized remedy, we now pass to a consideration of the sufficiency of the answer in this case to invoke the relief. The motion for judgment on the pleadings challenged the sufficiency of the answer before the trial court, and presumably the answer was held insufficient.

Reference to the answer discloses that in stating the ground upon which the partition of oil and gas rights was sought, the defendant set up the fact that undivided interests were owned by different parties, naming them. He then asserted that "it would be a manifest injury to him" to partition the surface without also granting a division of royalty. No facts which would cause the "manifest injury" were pleaded, save and except the diversity of ownership. Was it essential that the defendant also plead facts showing other peculiar additional circumstances such as a loss in the value of the property, mismanagement, or irreconcilable differences as to disposition or control of the property?

In Clark v. Mercer Oil Co., supra, it is stated as a rule of pleading that such additional allegations are necessary when partition is not available under the statute. The

rule is subject to grave doubt. It was adopted from the Kansas case of Beardsley et al. v. Kansas Natural Gas Co., 96 P. 859, wherein it was announced without supporting authority. The theory of the Kansas court was that the right to partition property under the statute was absolute, whereas the right to partition in equity was not. The absolute nature of the right to partition had been previously recognized by the Kansas court in Kinkead v. Maxwell et al., 75 Kan. 50, 88 P. 523. This case was cited in the Beardsley Case as establishing the absolute nature of the right under the statute. But in the Beardsley Case the important fact was overlooked that the absolute nature of the right was not recognized in the Kinkead Case in consideration of the wording of the statute or the nature of the remedy. It was, on the contrary, based upon the generally recognized rule independent of the statute, and the principal supporting authority was an Illinois equity case of Martin v. Martin (Ill.) 48 N. E. 924, 62 A. S. R. 411 (in which the general rule was recognized, but the existence of exceptions noted). See, also, Hill v. Reno, 112 Ill. 154, 54 Am. Rep. 222. Thus the Kansas court said, in effect, the right is absolute under the statute because it is absolute in equity; then later, that the right of partition, though absolute under the statute, is not absolute in equity. Upon consideration of the asserted difference in the right, a different rule as to the facts necessary to be pleaded was adopted, and particular application of the rule was made to personal property. In Clark v. Mercer Oil Co., supra, we said the rule should be applied to oil and gas leases, regardless of their classification as personal or real property. In bringing the rule to this state, we overlooked a prior contrary declaration by this court that the right to partition personal property in equity independent of the statute is generally absolute. Julian et al. v. Yeoman, 25 Okla. 448, 106 P. 956.

Independent of the Beardsley Case from Kansas and our own Clark v. Mercer Oil Co. Case, it is generally recognized, both under statutes regulating partition and equity independent of statute (in the absence of legislation requiring particular averments), that the right to partition property is absolute and a pleading seeking partition is sufficient as a matter of law if it states facts from which the court can see that the parties are cotenants. 20 R. C. L. 760, par. 42; 47 C. J. 288; Pomeroy's Equity Jurisprudence, vol. 5, par. 2130; 47 C. J. 408; 20 R. C. L. 742, par. 8. See, also, the Illinois

cases cited, supra, and authorities therein reviewed.

In the case of Joseph C. Willard v. Henry K. Willard, 145 U. S. 116, 36 L. Ed. 644, it was held by the Supreme Court of the United States:

"In a court having general jurisdiction in equity to grant partition, as in a court of law, a tenant in common, whose title in an undivided share of the land is clear, is entitled to partition, as a matter of right, so that he may hold and enjoy his property in severalty. * * *

"This statute, while it authorizes the court to compel a partition by division or by sale, at its discretion, as the facts appearing at the hearing may require, does not affect the general rule, governing every court of law or equity having jurisdiction to grant partition, that partition is of right, and not to be defeated by the mere unwillingness of one party to have each enjoy his own in severalty."

And with reference to the pleading, the court said:

"Any allegation of special reasons for partition, or for having it made in one way or in the other, would have been unusual and superfluous."

It is apparent from the foregoing authorities that the rule of pleading announced in Clark v. Mercer Oil Co. cannot be justified on the theory that the right of partition is any less absolute in equity independent of the statutes than it is under the statutes regulating partition. Should the rule be justified, then, upon the theory that the nature of the property with which we are dealing extinguishes or qualifies the absolute character of the right?

Usually the fact that partition will result in hardship to one or more cotenants constitutes no basis for a denial of the right. Similarly the character of the property is generally insufficient to defeat the remedy. Pomeroy's Equity Jurisprudence (2d Ed.) par. 2130, p. 4791. However, these rules are not entirely without exception and we are not so rigidly tied to the precedent of the past that we cannot adapt ourselves to changing circumstances and modern commercial needs. We shall, therefore, consider the effects of partition upon the class of property with which we are dealing.

Our statutes relating to partition were adopted from Kansas. They deal only with real estate and interests therein. Section 749, O. S. 1931, et seq. Under them partition in kind is favored over partition by sale and division of the proceeds. It is only

when the relief first mentioned cannot be granted without manifest injury that the alternative relief is authorized. Equity, independent of the statute, generally favors partition in kind, though its power to order a sale is generally recognized if partition by division is impracticable. Julian et al. v. Yeoman, supra; 20 R. C. L. 773, par. 49; Pomeroy's Equity Jurisprudence (2d Ed.) par. 2144, p. 4821. Some authorities and courts permit only partition through sale and question or deny the power to partition in kind oil and gas rights (20 R. C. L. 775), except in connection with a partition of the surface. Morley v. Smith, supra; Stern v. Great Sou. Land Co., supra. But the better reasoning supports the view that partition in kind may be made when there has been no development on or near the property and there is no other reason to believe that one portion of the land involved will produce more oil than another. In other words, purely "wildcat" and unprospected territory should be subject to division by metes and bounds. Mills-Willingham Law of Oil & Gas, p. 272; 47 C. J. 501; Henderson v. Chesley, supra. Our assertion in Coker v. Vierson, supra, that this court had often held oil rights to be incapable of partition in kind was unfortunate. We had never so held. That case is modified to correspond to the view herein expressed. Obviously partition in kind of an entire fee operates to partition in kind the included royalty interest. No logical reason can be advanced why the same relief should not be available to royalty owners in undeveloped and unprospected territory.

Obviously, in many cases, development, exploration, or geological prospecting will have approached or involved the premises from which it may appear that some portion of the tract is more valuable for oil purposes than the remainder. In such cases partition in kind is impracticable and partition, if allowable, can only be accomplished by sale. Hall v. Douglas, supra.

At this point, it is well to recognize that much of the royalty in this state has been divided into small fractional interests and that many of those interests are now owned by persons of limited financial means. It is at once apparent that the right to coercive judicial partition through sale and division of the proceeds may, if wholly unqualified, become a weapon of oppression and fraud in the hands of the financially fortunate. Thus, upon the approach of development, the right to partition might be used as a means of foreclosing through sale the interest of the royalty owner of limited means. Greatly enhanced value might place the property beyond his ability to elect to purchase or bid. In the absence of disagreement between the parties rendering the co-ownership of the property impracticable, the courts should not be impotent to prevent themselves from becoming an instrument of fraud and oppression under the circumstances suggested. They must, therefore, be recognized to be vested with sufficient discretion in awarding or denying relief to avoid the evil herein anticipated. Of course, inability of a cotenant to purchase should not constitute a defense under ordinary circumstances, that is, in the absence of approaching development or rapidly increasing values.

In adopting this view we realize the treacherous nature of the ground upon which we tread and forewarn litigants that a denial of the remedy of partition can only be justified in the most extreme cases, and then only when an intolerable situation with reference to control and use of the property does not exist.

Our reasoning upon this point leads us to another pertinent inquiry. If the partition of oil and gas royalty falls under our statutes regulating partition, is the power of the court sufficiently broad to recognize the discretion to deny relief?

Our partition statutes apply to real estate and interests therein. Section 749, O. S. 1931, et seq. Although we have held that a producing oil and gas lease, such as was involved in Clark v. Mercer Oil Co., supra, does not constitute an interest in real estate within the meaning of the judgment lien statute (First Nat. Bank of Healdton v. Dunlap, 122 Okla. 288, 254 P. 729, 52 A. L. R. 126), we have, on the other hand, decided that oil "royalty" constitutes such an interest in land as to be classified as lands and tenements within the meaning of those terms as used in prescribing the method of sale upon execution (Cuff v. Koslosky, 165 Okla. 135, 25 P. (2d) 290). In Coker v. Vierson, supra, we applied the real estate partition statutes to a proceeding involving this class of property.

There is nothing in the statute which declares the right to be absolute or unqualified. Generally, it is, but this, as we have previously seen, is true by reason of the generally applicable principles of law independent of the statute. It follows that exceptions or qualifications of the general rule are not inconsistent with the statute and may be recognized in actions under the statute.

The remedies and rights prescribed by the statute are cumulative, not exclusive, even when the case falls within the statute. Sawin et al. v. Osborn et al., 87 Kan. 828, 126 P. 1074, Ann. Cas. 1914A, 647; Moore v. Willey, 77 Ark. 317, 91 S. W. 184, 113 A. S. R. 151. The remedy is in its nature equitable, even where statutes have been enacted dealing with the subject. Chandler v. Richardson, 65 Kan. 152, 69 P. 168 (opinion by Pollock, J.); Bancroft's Code Prac. and Remedies, p. 6853.

There being no statutory inhibition against the denial of relief, the power of the court is sufficiently broad to prevent the use of the remedy as an instrument of oppression.

Do these views then justify the questionable rule of pleading announced in the Mercer Case? We think not. Presumably a complaining party invokes a remedy for a justifiable end. Fraud or oppression in the use of the remedy is not to be presumed. If the action is to be defeated upon that ground, the matter is one of defense to be pleaded and proved as such. The rule of pleading as announced in Clark v. Mercer Oil Co., supra, is overruled.

It follows that the answer of the defendant, which is in the nature of a cross-petition seeking partition of oil rights, is sufficient as a matter of law and a motion for judgment on the pleadings holding it insufficient should not have been sustained.

It may be inferred from the pleadings in this case, though not specifically stated therein, that Wolfe, who owns one-half of both surface and royalty, did not consent to mineral conveyances made by his cotenant. This, however, does not make his right to partition either more or less unqualified than hereinbefore stated. The right of one of several cotenants to separately convey or lease his interest without the consent of his cotenants is recognized in this jurisdiction. Such a conveyance or lease is not void as to nonconsenting cotenants. Earp v. Mid-Continent Petroleum Corporation, 167 Okla. 86, 27 P. (2d) 855; Moody v. Wagner, 167 Okla. 99, 23 P. (2d) 633; Lusk v. Carter Oil Co., 172 Okla. 508, 53 P. (2d) 656; Hembree v. Magnolia Pet. Co., 176 Okla. 524, 56 P. (2d) 851.

The fact that a conveyance by one cotenant may have some effect on a partition brought by the nonconsenting cotenant does not destroy the validity or effect of the conveyance, nor give the nonconsenting cotenant a greater or more absolute right of partition than the existing status of the estate warrants. Kerfoot v. Greenlee et al., 87 Okla. 69, 209 P. 444. There may be some doubt concerning these questions in other jurisdictions. Young v. Young et al. (Mo.) 270 S. W. 653, 39 A. L. R. 734, and note.

The question then arises: Was it proper for Wolfe, the owner of a one-half interest in both surface and oil rights, to insist that the oil rights be partitioned in the same action with the surface? The question requires an affirmative answer. His undivided interest in the land extended to both surface and royalty. The right to partition, subject to the qualifications hereinbefore mentioned, extends to both estates, whether they are severed or combined. We perceive no sound reason why the relief to which he is entitled in connection with his combined estate should not be determined in the same action. Permitting this to be done dispenses with the necessity of two separate proceedings. It does not prevent a denial of the relief as to royalty in proper cases. In cases where partition in kind is appropriate and allowable as to both estates, the joint consideration of the estates will enable the court to cause the surface rights of such person to correspond as nearly as possible with his royalty interest, a consideration which should have a governing influence with the court in connection with that class of relief. See Morley v. Smith, supra.

Our decision upon this question does not disturb the principle of Coker et al. v. Vierson, supra, that in granting relief the trial court may take cognizance of the two classes of interest in the land, and if sale be proper, sell the same separately. We are not passing upon the question of whether royalty owners are essential parties, except in cases where, as in this case, one of the parties who seeks partition, either as plaintiff or defendant, owns both surface and royalty in a corresponding amount and has not participated in a severance of the two estates. Thus we do not decide that surface rights cannot be partitioned separate and apart from the royalty in proper cases. Our decision is confined to the point that one who owns an undivided interest in the entire fee and who has not consented to a severance of the oil rights from the surface is entitled to insist that the partition proceedings be made sufficiently comprehensive to determine his rights to partition in both classes of property.

In deciding the issues of this appeal concerning partition and since there must be further proceedings in the lower court, we have felt the need of making our discussion suf-

ficiently comprehensive to guide the trial court in its final disposition of the matter.

While this action was pending in the trial court a receiver was appointed by interlocutory order on application of the plaintiff. In a reply brief herein filed defendant complains of such appointment, asserting that it was made without notice or showing sufficient to justify the appointment without notice. Apparently no attempt was made before the trial court to cause the order appointing the receiver to be vacated. An examination of the petition in error discloses that no complaint was made concerning the interlocutory order when the case was lodged in this court. This phase of the case is not properly before us for review.

The judgment of the trial court is reversed, with directions to proceed in a manner not inconsistent with this opinion.

BAYLESS, V. C. J., and WELCH, PHELPS, and CORN, JJ., concur. OSBORN, C. J., and GIBSON and HURST, JJ., dissent. RILEY, J., absent.