ERWIN et ux. v. HINES et al.

No. 30165.   Jan. 20, 1942.

*121 P. 2d 612.*

P. D. Erwin, of Chandler, for plaintiff in error.

Embry & Embry, Dale R. Sutton, and William A. Vassar, all of Chandler, for defendants in error.

PER CURIAM. The defendant in error Johnnie Hines, one of the tenants in common of 160 acres of land owned by him and several other tenants, in common, brought an action to partition said real property together with other lands not involved in this appeal. The petition prayed for a partition of surface rights only. There is an oil and gas lease with seven producing wells on the 160 acres involved in this appeal. All of the defendants who filed an answer joined in the application to partition except the defendants P. D. Erwin and Marie Fite Erwin. The defendants in error with the defendant in error Johnnie Hines own 23/24 of the surface rights. Each of these two last-named defendants, hereinafter referred to as plaintiffs in error, own an undivided 1/48 interest in the real property or the surface rights, and each own an undivided 1/640 interest in the oil and gas rights, which is referred to in their answer as a royalty interest. All of the other parties appear as defendants in error and will be so called hereafter except when specific reference is made to the defendant in error Johnnie Hines.

Plaintiffs in error filed answer alleging their interest in the surface rights and the oil interest as above set forth. They each jointly further pleaded that Johnnie Hines was not entitled to maintain the action; alleged that it was necessary for the lessee of oil interest to use the premises for development, and that by reason thereof and the nature of the premises the partition thereof would be inequitable and result in a conflict between the holders of the oil and gas interest and the surface interest; that defendant in error Johnnie Hines had sold all but a small portion of his interest in the oil and gas rights and is precluded and estopped to maintain this action. They prayed that the plaintiff, defendant in error Johnnie Hines, take nothing by reason of his petition. The answer is signed on behalf of the plaintiffs in error only and they do not purport to represent any other defendant. Neither do they purport to represent any other party holding any interest in the oil and gas rights.

The trial court ordered partition of the surface rights and appointed appraisers, and from this order and judgment the said plaintiffs in error have appealed and present the sole specification as follows:

"Where production has been obtained and wells are being operated under oil and gas leases, the surface of said land is not subject to partition in the absence of a special necessity therefor."

This proposition as stated cannot be sustained. Under section 749, O. S. 1931, 12 Okla. St. Ann. § 1501, which provides for a partition, the said defendant in error, Johnnie Hines, by virtue of his cotenancy was entitled to partition as a matter of right. Clark v. Mercer Oil Co., 139 Okla. 48, 281 P. 283; Coker v. Vierson, 170 Okla. 528, 41 P. 2d 95; Wolfe v. Stanford, 179 Okla. 27, 64 P. 2d 335. There is no doubt that an owner of real property who has an interest in the oil and gas rights may pray for and obtain partition and at the same time have disposition made of his interest in the oil and gas either by partition in kind or by a sale and disposition of the proceeds (Wolfe v. Stanford, supra); but the fact that the plaintiffs in error had a small interest in the oil and gas rights did not entitle them to object to any proceeding to partition. As stated above, the plaintiffs in error did not seek partition, but sought to prevent partition. The defendant in error Johnnie Hines was entitled by cotenancy to partition even though it disturb the interest of a lessee. Hill v. Reno, 112 Ill. 154, 54 Am. Rep. 222, cited with approval in Wolfe

v. Stanford, supra. In the case at bar the interest of the lessee or the holders of the oil and gas rights are in no wise molested or disturbed. In Coker v. Vierson and Wolfe v. Stanford, supra, the court recognized the practicality of the partition of the surface rights without disturbing the oil and gas interest. We hold that the practical application made of the rule in the case at bar is thoroughly justified.

There appearing no error in the order of the court directing partition and appointing commissioners, the judgment of the trial court is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, J., dissents.