## WILLIAMS et al. v. NEAL.

No. 34493.   Dec. 16, 1952.

*251 P. 2d 785.*

John T. Levergood, Shawnee, for plaintiffs in error.

Stevens & Winterringer, Shawnee, for defendant in error.

PER CURIAM. This action was filed by plaintiff, John A. Neal, alleging that he and the defendants were tenants in common in the N. E. ¼ of section 17, township 7 north, range 2 east of Indian Meridian; that the fee-simple title to the surface was vested in plaintiff and four of the defendants, and the fractional interest owned by each was alleged; that the title to all oil, gas and other said minerals under said property was vested in plaintiff and 38 defendants. The interest owned by each was set forth.

The petition further alleged there were no liens or encumbrances. The prayer was for partition of both surface and minerals and in the alternative that if such could not be done without material injury that sale and division of the proceeds be had.

Demurrers were filed by certain defendants and overruled. Answers were filed setting up the interests of various

defendants. Upon trial of the cause judgment was entered determining the interest owned by various parties in the surface and the various interests owned by the parties in the minerals, and decreed partition thereof accordingly. The judgment concluded with the appointment of three commissioners who, "upon taking the oath prescribed by law shall proceed to make partition and report the same at the next term of this court."

No complaint is made of the interests adjudged by the court to the respective parties.

The first complaint made by the plaintiffs in error is the overruling of their demurrer upon the ground that the petition did not state facts sufficient to constitute a cause of action.

The petition alleges a description of the property, the respective interests owned by the parties in both the surface and minerals, that there were no liens upon the property, and prays for partition.

It is contended that, "before a party may petition and pray the court for a partition, it is absolutely necessary to so plead such facts, that the court may know in advance that no oppression will occur."

The necessary allegations in partition are set out in §§1501-2-3, Title 12, O.S.A. Compliance with such sections is all that is necessary to state a cause of action. This court has recognized in many opinions that where oil development is being had in the area, hardship or oppression may result by partition in kind, but this is a matter of defense.

The prevention of partition of oil and gas rights on grounds that the remedy would constitute an instrument of fraud or oppression is a matter of defense to be pleaded and proved as such. Wolfe v. Stanford, 179 Okla. 27, 64 P. 2d 335.

The same rule has been announced in Sweeney v. Bay State Oil & Gas Co., 192 Okla. 28, 133 P. 2d 538, and in

Colonial Royalties Co. v. Hinds, 202 Okla. 660, 216 P. 2d 958.

It follows therefore that it was not necessary to plead in the petition any facts negativing the oil development. The petition stated a cause of action and the demurrer was properly overruled.

It has been repeatedly held by this court that partition of mineral interest may be had. If they cannot be divided in kind because of actual or prospective oil development, they must be sold and the proceeds divided. Wolfe v. Stanford, and Colonial Royalties Co. v. Hinds, supra.

Defendants next urge that the trial court erred in admitting evidence that was incompetent, irrelevant and immaterial in that plaintiff was permitted to testify as to the absence of oil or gas production in the vicinity of this land.

Surely this is a circumstance which the trial court may consider, in its discretion, and in its equitable power to prevent partition from being employed oppressively, even to the extent of denying partition of oil and gas rights when justified by existing circumstances. See Wolfe v. Stanford, supra.

Defendants urge the trial court erred in overruling demurrer to plaintiff's evidence and in rendering judgment for plaintiff for partition. As to that, the evidence established the various interests owned both as to surface and minerals, and there was nothing in particular to indicate that partition would operate or result in fraud or oppression as to any defendant or interest owner, or that partition of surface with denial of partition of oil and gas rights should be adjudged and decreed. We conclude there was no error on this point.

Defendants question the validity of the judgment rendered in that it merely adjudicates the ownership of the respective interests in surface and in mineral rights and the right to partition, and decrees partition thereof ac-

554

cordingly by commissioners named and appointed.

It is urged that the judgment deprives the commissioners of the right or authority to report back to the court an impossibility to partition in kind without manifest injury to some of the interest owners, with recommendation as to appraisements.

We regard those details as settled by statutes of the state. See 12 O. S. 1951 §§1505-1513. Thereunder the commissioners and the court may proceed in fairness and justice to all owners of interest and there is nothing to the contrary in the judgment rendered.

Affirmed.

This court acknowledges the services of Attorneys Wm. J. Crowe, Paul G. Darrough, and Harlan Deupree, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur. GIBSON, J., dissents.