Odell HENSON and Caddo Oil Trust, an Express Trust, Plaintiff in Error,

v.

Bob L. BRYANT, Defendant in Error.

No. 38057.

Supreme Court of Oklahoma.

Oct. 7, 1958.

Haskell B. Pugh, Anadarko, for plaintiff in error.

Barney & Pain, Anadarko, for defendant in error.

## PER CURIAM.

Defendant in error, plaintiff below, brought this action in March 1957; to secure partition of certain real property, an interest in which was inherited by her from her husband. The property is her homestead but she has waived that right for this purpose. In addition to that undivided interest inherited by her, she has become the owner of other undivided interests inherited by children of the deceased and conveyed to her. Three of the deceased's ten children have not conveyed to the widow and they together with the appellants were the defendants in the trial court. Plaintiffs in error own undivided interests in the mineral estate. Their mineral interests comprise the total interest conveyed in 1935 by the Bryants to the Caddo County Farmers Royalty Union, a corporation. That organization was subsequently dissolved and all its property transferred to the plaintiff in error, the Caddo Oil Trust, in trust for the former stockholders of the corporation. The interest now owned by the plaintiff in error Henson was acquired by him from his wholly owned corporation, the Voline Oil Company, which had been granted this interest by the grantee of the Bryants. The exact interest owned by the respective parties was stipulated and further particularization is unnecessary in this opinion.

No oil or gas development has occurred on or near this property and none appears to be likely within the immediate future. The closest development is seven miles distant and has been offset in the direction of this property by a dry hole. There is no lease covering these premises.

Defendant in error testified that the division of ownership made it difficult for her to obtain loans to enable her to operate the farm, and that she had been contacted within the year by two persons who desired to lease the premises for oil and gas development, negotiations with whom had failed of fruition after the outstanding mineral interests were disclosed.

Plaintiffs in error sought to establish that partition of the property would constitute fraud and oppression against them: Henson for the reason that the Bryants had conveyed this outstanding interest; and the Caddo Oil Trust for that reason, and for the reason that the sale of oil properties owned by it would hurt the purpose of the Trust. These parties introduced evidence to show that the interest owned by them had been acquired in 1935 by their predecessors in interest in the formulation of an arrangement whereby landowners over a wide area acquired an interest in the oil rights in many acres by virtue of their contribution of a mineral interest in exchange for a share of stock in the Caddo County Farmers Royalty Union. Henson's interest was originally acquired by Voline Oil Company from the Royalty Union in payment for its services performed in the organization of this mineral speculation and in the management and financing of its operations. No oil or gas has been produced from any property owned by the Trust, but it has received some income from the sale of leases. This income has been paid to the beneficiaries in the form of dividends. No money has been paid to them, however, since 1951. The contractual arrangements between the Royalty Union and the Trust and the landowner participant contain no provisions which expressly purport to limit the right to partition the jointly owned mineral estate.

The defendant in error pleaded and proved a cause of action for partition

of both the surface and mineral estate in the property involved. 12 O.S.1951 Sec. 1501 et seq. The burden was on the plaintiffs in error to establish the defense of oppression. Wolfe v. Stanford, 179 Okl. 27, 64 P.2d 335; Colonial Royalties Co. v. Hinds, 202 Okl. 660, 216 P.2d 958; Williams v. Neal, 207 Okl. 552, 251 P.2d 785; Harper v. Ford, Okl., 317 P.2d 210. No other defense was urged. Henson's evidence established only a payment by him through his wholly owned corporation of what was apparently an adequate consideration for the interest ultimately conveyed to him. This is no defense. The fact that the party seeking partition created the interest, and the fact that plaintiffs in error do not desire partition, are each equally unefficacious in defense in the absence of additional considerations not urged in this action. Colonial Royalties Co. v. Hinds, supra. Furthermore, since the evidence fails to disclose approaching development of oil properties, rapidly increasing value of this property, inability of the parties to purchase at a sale if partition in kind is not possible, or any other factual issue tending to establish the conclusion that oppression would result from partition of the mineral estate, the judgment must be affirmed. Henson's opinion concerning the "very high value" of the minerals as compared with his opinion of what they would bring on sale does not compel the denial of the relief sought. Although plaintiffs in error seem to assume that a sale on partition will be necessary, it is just as appropriate under the facts disclosed in this record, if not more so, to assume that partition in kind will be possible. Certainly that is the preferred method. Wolfe v. Stanford, supra. In any event the court's judgment does not appear to be clearly against the weight of the evidence since the testimony on value is in large part not based on facts disclosed by the record.

We have pointed out in the cases heretofore cited that "generally speaking, the law favors the partition of property held by cotenants * * *," that "courts. are adverse to any rule which compels.

unwilling persons to use their property in common * * *," and that "* * * a denial of the remedy of partition can only be justified in the most extreme cases * * *." See especially Wolfe v. Stanford, supra [179 Okl. 27, 64 P.2d 336]. The plaintiffs in error failed to establish that partition of this property would constitute fraud and oppression.

Judgment affirmed.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commissioner, the cause was assigned to a Justice of this Court. Therefore, upon report and consideration in conference, the foregoing opinion was adopted by the Court.