A. W. KOMAREK, A. M. Quarles and Elizabeth Mettenet, Plaintiffs in Error,

v.

George R. PERRINE, Frank O. Frisk, Marion Frisk, John F. McKee, Earl R. Crane, William C. DeVry and E. B. DeVry, Defendants in Error.

No. 39842.

Supreme Court of Oklahoma.

April 2, 1963.

Rehearing Denied June 18, 1963.

John F. Pendleton, Nowata, Hamilton, Kane & Kane, Pawhuska, for plaintiffs in error.

Holliman, Brewer & Worten, Bartlesville, for defendants in error.

WELCH, Justice.

The parties will be herein referred to as they appeared in the trial court, plaintiffs in error being the plaintiffs below.

We hold that the judgment on the pleadings was erroneously rendered and reverse the same, remanding the case for trial on the issues.

The action was instituted to partition twenty-seven oil and gas leases, of which four were producing leases and the rest undeveloped, the petition alleging that the plaintiffs and the defendants were owners of undivided interests in the $17\!/\!18$ths working interest in said leases in the proportions therein set forth. The answer of the defendants, save that of the defendant, E. B. DeVry, which was a general denial, admitted the ownership of the fractional interests as set forth in the petition and asserted numerous defenses, all of which can be considered as undisputed and issue taken thereon by plaintiffs' petition and reply, one being that the parties who own the several interests are parties to an Operating Agreement covering the lease properties, which was attached to the answer, and which Operating Agreement contained an implied covenant not to partition.

The Operating Agreement contained a provision to the effect that if any party thereto desired to sell his interest the other parties thereto should have a preferential right to purchase same. We find that the pleadings do not indicate that such situation has precisely arisen. It is not indicated that the plaintiffs have had either opportunity or desire to sell their proportionate part of the twenty-seven oil and gas leases. Nor

may the filing by plaintiffs of the petition for partition be construed as an expression of their desire to sell their interests. It is not inconceivable to assume that partition in kind will be possible. Measuring the effect of filing their petition by 12 O.S.1961 §§ 1501–1516, it can but be said that the plaintiffs desire that they not be compelled to further use the twenty-seven oil and gas leases as co-owners with the defendants.

The Operating Agreement provided that as long as the parties operate under the agreement they would be bound by provisions thereof whereby the operator would have full control of and responsibility for the leases, that the operator would cause the four wells to be drilled, which was done, and that the operator would have a lien upon the interest of each non-operator owner to secure the payment of each non-operator's proportionate part of the costs and expenses incurred, but there is no express provision therein to the effect that any interest owner could not partition *in invitum* the twenty-seven oil and gas leases. It does not follow that because the Agreement provided that if any party desired to sell his interest a preferential right to purchase the same existed in favor of the other co-owners means also that a co-owner would not have the right to seek partition *in invitum*.

> "Generally speaking, the law favors the partition of property held by cotenants. * * * courts are adverse to any rule which compels unwilling persons to use their property in common. * * * [and that] a denial of the remedy of partition can only be justified in the most extreme cases * * *."

was said in Wolfe v. Stanford, 179 Okl. 27, 64 P.2d 335, 336.

In McInteer v. Gillespie, 31 Okl. 644, 122 P. 184, a different situation was involved than here. There the purpose for which the agreement was made was to sell out the involved 22 acres in blocks and lots and the proceeds were to be divided.

The purpose of the agreement, in its very nature, was an alternative method to that provided by statute and there would be no res left to operate in common that might be subject to partition. The Agreement in the present case concerns the operation of the leases, as distinguished from a disposition of them, and the rule of Wolfe v. Stanford, supra, applies, rather than an exception to it.

The distinction between the facts indicated by the pleadings in this case and the facts involved in Sweeney, et al. v. Bay State Oil and Gas Co., 192 Okl. 28, 133 P.2d 538, becomes of no consequence in the light of what we have herein said. Rather, considering same, such decision is of significance here.

The conclusion we reach after examining the pleadings is that certain allegations of plaintiffs' petition are in defendants' answer said to be admitted. Other allegations of the petition and reply are not controverted by the answer. As to those which are controverted by defendants' answer, an issue was framed for trial by paragraphs 9, 10 and 11 of plaintiffs' reply and for the purpose of consideration of defendants' motion for judgment on the pleadings the ruling on such motion should be against defendants. The effect of the filing by a defendant of a motion for judgment on the pleadings is, for the purpose of consideration of the motion, to admit the truth of all well pleaded facts of the opposing party and to admit the untruth of the movant's own allegations which have been denied. See Mayfield v. L. V. French Truck Service, Inc., Okl., 369 P.2d 461; Tenant v. Dodsworth et al., Okl., 349 P.2d 9; Johnson v. Eagle, Okl., 355 P.2d 868.

Reversed and remanded.

DAVISON, JOHNSON, WILLIAMS and JACKSON, JJ., concur.

BLACKBIRD, C. J., HALLEY, V. C. J., and IRWIN and BERRY, JJ., dissent.