**Stella PRUSA and Christine Prusa,
Plaintiffs in Error,**

**v.**

**John CERMAK, James Jirous, Joan Jirous,
et al., Defendants in Error.**

**No. 41045.**

Supreme Court of Oklahoma.

May 10, 1966.

Charles Hill Johns, Gomer Smith, Jr., Oklahoma City, for plaintiffs in error.

Emmett V. Rosser, Jr., Perry, for defendants in error John Cermak, James Jirous and Joan Jirous.

PER CURIAM.

The defendant in error, John Cermak (plaintiff below) instituted this action in the lower court against appellants, Stella Prusa and Christine Prusa, and eleven other individuals, to secure partition of three tracts of land. Two of the tracts are located in Noble County and one is located in Garfield County, Oklahoma. The plaintiff and the defendants (including appellants) are the owners of various undivided interests constituting the entire title to said tracts of land. There was no issue raised as to the undivided interests the various parties had in the tracts of land. The lower court rendered judgment for partition of the properties and appointed Commissioners for that purpose. These Commissioners reported that they could not make partition without great and manifest injury to the parties and appraised each of the tracts of land. The partition action was pursuant to 12 O.S.1961, §§ 1501–1516.

We find no dispute as to the facts. Two of the tracts were originally owned by appellants' grandfather and the third tract was originally owned by their grandfather and grandmother together. By reason of the deaths of said ancestors in 1919 and 1917, respectively, the title passed by de-

scent, and in some cases by intervening deeds, so that the undivided interests eventually became vested in the parties to the partition action. The appellants each own an undivided $9/240$ interest in the lands by reason of inheritance. The appellants also jointly owned an undivided $48/240$ interest in the lands by reason of two quit claim deeds from their mother to them in 1942, whereby such interest was vested in them as joint tenants and not as tenants in common, the survivor to take all.

All of the undivided interests were held by the owners thereof as tenants in common, except as to the described $48/240$ interest, which was owned by appellants as joint tenants with right of survivorship.

Appellants contend that their $48/240$ undivided interest should not have been subjected to partition. This contention is limited to the two tracts which are farm lands and is not made as to the remaining tract consisting of two town lots. The grounds for the contention are that appellants acquired their undivided $48/240$ interest in the farm lands by deeds constituting them joint tenants with right of survivorship and all the other parties acquired their interests by inheritance after the survivorship interest of appellants had become vested, and such lands were thereby burdened by a covenant running with the land to the effect that no involuntary partition can be equitably accomplished during the lifetime of appellants. It is further contended that the estate of appellants is different in character from the estate of the others and cannot be legally partitioned.

At this place we point out that from our examination of the record it does not appear that all of the other parties acquired their interests after the deeds to appellants and entirely by inheritance. However, we believe that this does not affect our disposition of the controversy.

Appellants cite North v. Coffey, 200 Okl. 44, 191 P.2d 220, in support of their contention. The facts therein are not at all like those in the present case. In that case

an owner of two city lots had erected a house which rested upon both lots and thereafter Coffey bought one lot and North bought the other lot at the same tax resale. Coffey filed an action against North for partition of real property. We held that each party owned the lot bought by him at resale and only that portion of the house resting on his lot. We denied partition because the lots and portions of the house were owned in severalty and not in cotenancy. We stated:

"Partition under the modern practice, combining both the equitable and common law remedies, is defined as follows: '* * * a division between two or more persons of real or personal property which they own as coparceners, joint tenants, or tenants in common, effected by the setting apart of such interests so that they may enjoy and possess the same in severalty, * * *' 47 C.J. p. 266, section 1; 40 Am.Jur. p. 4, section 2; Sweeney v. Bay State Oil & Gas Co., 192 Okl. 28, 133 P.2d 538.

"Under this modern doctrine it is applicable only to cases in which the property is held in cotenancy."

See also 68 C.J.S. Partition § 28, pp. 40, 41.

The contention that all of the undivided interests must be held by one of the enumerated types of cotenancies is without foundation. The requisite is that there shall be a cotenancy, either as tenants in common, joint tenants, or coparceners.

In Thomason v. Thompson, 123 Okl. 218, 253 P. 99, 102, this court quoted with approval as follows:

"'Partition is the act or proceeding by which co-owners of property cause it to be either divided into as many shares as there are owners, according to their interest therein, or if that cannot be equitably done, to be sold for the best obtainable price and the proceeds distributed.'"

There is nothing uncertain about the present title of the appellants. Together they own the undivided interest vested in them by the deeds, with the common right to possession of the lands enjoyed by the other owners. Their joint tenancy does not legally compel them to continue in that status until one, or both, should die. Either, or both, may convey their undivided interest or perform some act inconsistent with the continued existence of the joint tenancy and thereby terminate the joint tenancy. Shackelton v. Sherrard, Okl., 385 P.2d 898.

This court has held that generally speaking the law favors the partition of property held by cotenants, and that courts are adverse to any rule which compels unwilling persons to use their property in common, and that a denial of the remedy of partition can only be justified in the most extreme cases. Henson v. Bryant, Okl., 330 P.2d 591, 593, and Komarek v. Perrine, Okl., 382 P.2d 748.

Appellants seek to apply to the present situation the principle of "philosophy" of the rule stated in McInteer v. Gillespie, 31 Okl. 644, 122 P. 184, that "An agreement not to partition certain land is implied where the purpose for which the property is acquired would be defeated by its partition."

In the cited case *all* persons having an interest in the property agreed to plat the land and sell lots and participate in the profits. One of the parties became dissatisfied and filed a partition action when the venture had barely started. The other owners produced evidence that there would be a serious financial loss if partition was made. The decision denied partition. There is absolutely no similarity to the present case. The record here is completely devoid of any agreement, express or implied, by any or all of the parties that there would be no partition of the lands on the basis of the undivided interests owned by the parties.

Our careful examination of the record discloses no legal reason for denying partition, and that appellants' opposition thereto is, at most, a mere unwillingness that partition be made.

This court has stated that it is generally recognized that the right of a cotenant to partition property is absolute and not to be defeated by the mere unwillingness of a party to have partitioned. Wolfe v. Stanford, 179 Okl. 27, 64 P.2d 335, 337.

Affirmed.